The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| IN RE WASHINGTON MUTUAL, INC. SECURITIES, DERIVATIVE & ERISA LITIGATION | ) ) ) ) | No. 2:08-md-1919 MJP |
| | ) | |
| FLAHERTY & CRUMLINE PREFERRED INCOME FUND, INCORPORATED, et al. | ) ) | No. C09-1756 MJP |
| | ) | **WAMU OFFICERS' MOTION TO DISMISS AMENDED COMPLAINT** |
| -v.- | ) ) | |
| KERRY KILLINGER, et al. | ) ) | NOTE ON MOTION CALENDAR: April 30, 2010 |
| | ) ) | [OD-10] |
| | ) ) | **ORAL ARGUMENT REQUESTED** |
| | ) | |

WAMU OFFICERS'
MOTION TO DISMISS
[OD-10]
Case No. 2:08-md-01919-MJP
Case No. C09-1756-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
-and-
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax:  (206) 757-7700

# TABLE OF CONTENTS

Page

INTRODUCTION ................................................................................................................ 1

SUMMARY OF THE ALLEGATIONS ............................................................................. 2

LEGAL STANDARD .......................................................................................................... 3

ARGUMENT ........................................................................................................................ 4

    A.    Plaintiffs' Fraud, Deceit, Negligent Misrepresentation, and 10(b) Claims Are Deficient Because Plaintiffs Have Not Adequately Pled Reliance ......................... 4

    B.    Plaintiffs Fail To State a Negligence Claim ......................................................... 6

    C.    Plaintiffs' California Corporations Code §§ 25400 and 25500 Claims (Making a False Statement To Induce the Purchase of a Security) Are Insufficiently Pled .................................................................................................. 7

    D.    Plaintiffs Cannot Hold the WaMu Officers Derivatively Liable for Their Claims Against Goldman Sachs .......................................................................... 8

    E.    Plaintiffs' Aiding and Abetting Claims Fail ......................................................... 9

    F.    Plaintiffs' § 18 Claim Is Time Barred ................................................................ 11

CONCLUSION .................................................................................................................. 13

WAMU OFFICERS'
MOTION TO DISMISS
[OD-10] – Page i
Case No. 2:08-md-01919-MJP
Case No. C09-1756-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
-and-
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax:  (206) 757-7700

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Ashcroft v. Iqbal,*
  129 S. Ct. 1937 (2009) ................................................................................. 3

*Bachmann v. Commissioner,*
  2009 WL 614791 (T.C. 2009) ...................................................................... 2

*Bains v. Moores,*
  172 Cal. App. 4th 445 (4th Dist. 2009) ...................................................... 9

*Bell Atlantic Corp. v. Twombly,*
  550 U.S. 544 (2007) ..................................................................................... 3

*Betz v. Trainer Wortham & Co.,*
  519 F.3d 863 (9th Cir. 2008) .............................................................. 11, 13

*California Amplifier, Inc. v. RLI Insurance Co.,*
  94 Cal. App. 4th 102 (2d Dist. 2001) ...................................................... 7, 8

*Casey v. U.S. Bank National Ass'n,*
  127 Cal. App. 4th 1138 (4th Dist. 2005)............................................. 10, 13

*Dealertrack, Inc. v. Huber,*
  460 F. Supp. 2d 1177 (C.D. Cal. 2006) ...................................................... 6

*Desai v. Deutsche Bank Securities, Ltd.,*
  573 F.3d 931 (9th Cir. 2009)........................................................................ 5

*Dodds v. Cigna Securities, Inc.,*
  12 F.3d 346 (2d Cir. 1993) ........................................................................ 11

*Fujisawa Pharmaceutical Co. v. Kapoor,*
  115 F.3d 1332 (7th Cir. 1997) ............................................................. 11, 12

*Holcomb v. Wells Fargo Bank, N.A.,*
  155 Cal. App. 4th 490 (4th Dist. 2007) ...................................................... 7

*In re 3Com Securities Litigation,*
  761 F. Supp. 1411 (N.D. Cal. 1990) ........................................................... 4

*In re American Funds Securities Litigation,*
  556 F. Supp. 2d 1100 (C.D. Cal. 2008) .................................................... 12

*In re Diasonics Securities Litigation,*
  599 F. Supp. 447 (N.D. Cal. 1984) ............................................................. 9

*In re GlenFed, Inc. Securities Litigation,*
  60 F.3d 591 (9th Cir. 1995)......................................................................... 4

WAMU OFFICERS'
MOTION TO DISMISS
[OD-10] – Page ii
Case No. 2:08-md-01919-MJP
Lead Case No. C09-1756-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
–and–
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax:  (206) 757-7700

*In re Integrated Resources Real Estate Limited Partnerships Securities Litigation*,
    815 F. Supp. 620 (S.D.N.Y. 1993) ................................................................................ 11

*In re MDC Holdings Securities Litigation*,
    754 F. Supp. 785 (S.D. Cal. 1990) ................................................................................ 10

*In re Washington Mutual ERISA Litigation*,
    2009 WL 3246994 (W.D. Wash. 2009) ........................................................................ 10

*Kamen v. Lindly*,
    94 Cal. App. 4th 197 (6th Dist. 2001) ........................................................................ 7, 8

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) ....................................................................................... 4

*Kelley v. Rambus, Inc.*,
    2008 WL 5170598 (N.D. Cal. 2008) ................................................................ 11, 12, 13

*Kreek v. Wells Fargo & Co.*,
    652 F. Supp. 2d 1053 (N.D. Cal. 2009) ................................................................ 11, 12

*Ladd v. County of San Mateo*,
    12 Cal. 4th 913 (1996) ................................................................................................... 6

*Lazar v. Superior Court*,
    12 Cal. 4th 631 (1996) ................................................................................................... 4

*Mirkin v. Wasserman*,
    5 Cal. 4th 1082 (1993) ................................................................................................... 4

*Murphy v. BDO Seidman, LLP*,
    113 Cal. App. 4th 687 (2d Dist. 2003) .......................................................................... 8

*Neilson v. Union Bank of California, N.A.*,
    290 F. Supp. 2d 1101 (C.D. Cal. 2003) ............................................................... 6, 9, 10

*Nelson v. Anderson*,
    72 Cal. App. 4th 111 (2d Dist. 1999) ............................................................................ 6

*Openwave Systems, Inc. v. Fuld*,
    2009 WL 1622164 (N.D. Cal. 2009) .......................................................................... 8, 9

*Reiger v. Altris Software, Inc.*,
    1999 WL 540893 (S.D. Cal. 1999) ................................................................................ 8

*Saunders v. Superior Court*,
    27 Cal. App. 4th 832 (2d Dist. 1994) ............................................................................ 9

*Sonoma Foods, Inc. v. Sonoma Cheese Factory, LLC*,
    634 F. Supp. 2d 1009 (N.D. Cal. 2007) ........................................................................ 6

*Swartz v. Presidio Advisory Group*,
    2008 WL 2545054 (W.D. Wash. 2008) ...................................................................... 11

WAMU OFFICERS'
MOTION TO DISMISS
[OD-10] – Page iii
Case No. 2:08-md-01919-MJP
Lead Case No. C09-1756-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
–and–
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax:  (206) 757-7700

*Vess v. Ciba-Geigy Corp. USA*,
  317 F.3d 1097 (9th Cir. 2003) ........................................................................... 4

*Zucco Partners, LLC v. Digimarc Corp.*,
  552 F.3d 981 (9th Cir. 2009) ............................................................................. 5

**STATUTES**

15 U.S.C. § 78r ....................................................................................................... 11

Cal. Civ. Code § 1573 .............................................................................................. 5

Cal. Corp. Code § 25000 .......................................................................................... 7

Cal. Corp. Code § 25400 .......................................................................................... 7

Cal. Corp. Code § 25500 .......................................................................................... 7

Cal. Corp. Code § 25504 .......................................................................................... 8

WAMU OFFICERS'
MOTION TO DISMISS
[OD-10] – Page iv
Case No. 2:08-md-01919-MJP
Lead Case No. C09-1756-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
-and-
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax:  (206) 757-7700

1  Defendants Thomas W. Casey, Ronald J. Cathcart, Stephen J. Rotella and David C.
2  Schneider (collectively, the "WaMu Officers") move to dismiss the Amended Complaint in this
3  action (the "Amended Complaint") [08-md-1919 Dkt. 433].[1]  In addition, the WaMu Officers
4  join and incorporate by reference the motions to dismiss filed by all other defendants, to the
5  extent applicable.

6  ## INTRODUCTION

7  Plaintiffs in the *Flaherty* case are sophisticated closed-end investment funds that
8  allegedly purchased two non-registered classes of Washington Mutual Preferred Funding Trust
9  Securities (the "Preferred Trust Securities").  Attempting to latch onto those claims that survived
10 motions to dismiss in the consolidated Securities Litigation, these plaintiffs assert that the WaMu
11 Officers made "false and misleading" statements that purportedly "concealed" Washington
12 Mutual's "true" financial condition and creditworthiness, and by doing so, artificially inflated the
13 price of the Preferred Trust Securities.  But the claims in *Flaherty* are different than the claims
14 advanced in the Securities Litigation.  As a matter of law, the *Flaherty* claims require ***actual***
15 ***reliance*** on the alleged statements by the WaMu Officers.  Plaintiffs fail to plead actual reliance,
16 and all of their California common law claims accordingly fail as a matter of law.  This failure to
17 plead reliance is also fatal to Plaintiffs' § 10(b) claim and, derivatively, their § 20(a) claim, as the
18 Amended Complaint does not (because it cannot) invoke the "fraud on the market" theory.

19 Plaintiffs' remaining claims are similarly deficient.  The Amended Complaint fails to
20 identify any legal duty that the WaMu Officers owed to Plaintiffs—who were merely potential
21 investors in WaMu securities at the relevant time—as required to plead a cause of action for
22 common law negligence.  And because Plaintiffs sued the WaMu Officers in their individual
23 capacities (rather than derivatively), no fiduciary duty runs from them to the Plaintiffs.  In
24 addition, Plaintiffs' claims under the California Corporations Code fail for all the reasons set out
25 in the Initial Purchasers' motion to dismiss, and because the Amended Complaint fails to allege

26
27  [1]  Unless otherwise indicated, citations to the Amended Complaint appear as "¶ __," and all
    defined terms are those defined in the Amended Complaint.

WAMU OFFICERS'
MOTION TO DISMISS
[OD-10] – Page 1
Case No. 2:08-md-01919-MJP
Lead Case No. C09-1756-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
-and-
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax:  (206) 757-7700

that the WaMu Officers "controlled" the Initial Purchasers.  Finally, Plaintiffs' purported cause of action under § 18 of the Exchange Act is plainly time-barred.

For all of these reasons, as well as those set out in the motions to dismiss filed by the Initial Purchasers and the Outside Directors, the Court should dismiss the Amended Complaint.

## SUMMARY OF THE ALLEGATIONS

Plaintiffs are closed-end investment companies that allegedly purchased unregistered Preferred Trust Securities issued on or about March 7, 2006 and October 25, 2007.  ¶¶ 1–4.  The U.S. Tax Court recently described the general characteristics of instruments such as the Preferred Trust Securities:  "In a trust preferred stock arrangement, the banks issue debt to a trust, which in turn issues preferred securities to investors and thereby raises cash for the banks."  *Bachmann v. Comm'r*, T.C. Mem. 2009-51, 2009 WL 614791, at *1 (T.C. Mar. 11, 2009) (citations omitted).  Preferred Trust Securities can constitute "an inexpensive way to increase a bank's capital base and profitability."  *Id*. at *2.  A detailed description of the Preferred Trust Securities is set out in the offering circulars attached as Exhibits A and B to the Declaration of Gabrielle Levin in Support of Motion To Dismiss Amended Complaint By Defendants Goldman, Sachs & Co., Credit Suisse Securities (USA) LLC, and Morgan Stanley & Co. Incorporated [08-md-1919 Dkt. 467] ("Levin Decl."), incorporated herein by reference.

The basic premise of the Amended Complaint is that the WaMu Officers made "false and misleading statements that concealed Washington Mutual's true financial condition and creditworthiness, and by doing so, artificially inflated the price of the Preferred Trust Securities." ¶ 11.  Specifically, Plaintiffs accuse the WaMu Officers of preparing and/or approving SEC filings that included false and misleading financial information, preparing and/or approving Company press releases that misrepresented WaMu's financial health, and making false statements regarding the Company's risk management, underwriting standards, and/or creditworthiness during certain conferences and calls with investors.  Although they do not claim to have seen or heard the majority of these alleged misrepresentations, Plaintiffs (all of which are

WAMU OFFICERS'
MOTION TO DISMISS
[OD-10] – Page 2
Case No. 2:08-md-01919-MJP
Lead Case No. C09-1756-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
-and-
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax:  (206) 757-7700

1    sophisticated investment companies) contend that the WaMu Officers' actions caused them to

2    purchase the Preferred Trust Securities and sustain subsequent losses.

3        Plaintiffs filed their original complaint in Los Angeles Superior Court on October 16,

4    2009.  This action was subsequently removed to federal court and transferred to this District for

5    coordinated pre-trial proceedings.  On January 25, 2010, Plaintiffs filed their Amended

6    Complaint, which asserts four causes of action arising under California common law, two causes

7    of action arising under the California Corporations Code, one cause of action for aiding and

8    abetting the foregoing, and three counts arising under the Securities Exchange Act:

9/10    • Counts One through Four allege common law claims of fraud, constructive fraud
         or deceit, negligence and negligent misrepresentation;

11/12/13    • Counts Five and Six allege violations of sections 25400 and 25500 of the
            California Corporations Code, which proscribe false statements made to induce
            the purchase of a security, and sections 25401 and 25501 of the California
            Corporations Code by the Initial Purchasers, with derivative allegations against
            the WaMu Officers;

14/15    • Count Seven alleges "aiding and abetting" as to the first six counts; and

15/16    • Counts Eight through Ten allege violations of §§ 10(b), 18 and 20(a) of the
         Exchange Act.

17                            **LEGAL STANDARD**

18        "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

19    accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129

20    S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

21    "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than

22    labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

23    do."  *Twombly*, 550 U.S. at 555 (internal citations and quotation omitted).  When a plaintiff's

24    factual allegations "do not permit the court to infer more than the mere possibility of

25    misconduct," the complaint must be dismissed.  *Iqbal*, 129 S. Ct. at 1950.

26        Where, as here, the complaint alleges "a unified course of fraudulent conduct," it is

27    "grounded in fraud," and the entire complaint must satisfy the heightened pleading standard of

WAMU OFFICERS'
MOTION TO DISMISS
[OD-10] – Page 3
Case No. 2:08-md-01919-MJP
Lead Case No. C09-1756-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
-and-
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax: (206) 757-7700

Rule 9(b) of the Federal Rules of Civil Procedure.  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103–04 (9th Cir. 2003).  Plaintiffs' allegations sound in fraud.  *E.g.*, ¶ 5 ("Plaintiffs allege the Officer Defendants, as defined herein, knowingly participated in a fraudulent scheme to defraud investors such as Plaintiffs.").  As such, each of their claims is subject to Rule 9(b).  *See Vess*, 317 F.3d at 1103–04; *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125–27 (9th Cir. 2009). Rule 9(b) requires a plaintiff to plead fraud with particularity, including the "who, what, when, where, and how" of the alleged misconduct.  *Kearns*, 567 F.3d at 1124 (citations omitted).

## ARGUMENT

### A.  Plaintiffs' Fraud, Deceit, Negligent Misrepresentation, and 10(b) Claims Are Deficient Because Plaintiffs Have Not Adequately Pled Reliance

As a matter of California law, Plaintiffs' fraud and deceit claims (Counts One and Two) require that they plead: (i) a misrepresentation; (ii) knowledge of falsity; (iii) intent to defraud, *i.e.*, to induce reliance; (iv) justifiable reliance; and (v) resulting damages.  *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996).  Plaintiffs may not rely on the "fraud on the market" theory for their state law fraud claims and must plead facts showing ***actual*** and justifiable reliance on the alleged misrepresentations by each plaintiff.  *Mirkin v. Wasserman*, 5 Cal. 4th 1082, 1089 (1993); *In re GlenFed, Inc. Sec. Litig.*, 60 F.3d 591, 592 (9th Cir. 1995) (upholding dismissal of state law fraud claims for failure to allege actual reliance); *In re 3Com Sec. Litig.*, 761 F. Supp. 1411, 1419 (N.D. Cal. 1990).  Conclusory allegations of reliance are insufficient.  *Mirkin*, 5 Cal. 4th at 1088 (plaintiffs failed to state a cause of action for deceit where they merely alleged "in conclusory fashion that they had purchased [the] securities 'in reliance upon said misrepresentations'").  Likewise, Plaintiffs must plead actual reliance to state a claim for negligent misrepresentation (Count Four).  *Id.* at 1089 n.2.

Plaintiffs have identified certain statements made by Mr. Casey, Mr. Rotella, Mr. Cathcart, and Mr. Schneider during various investor calls and conferences that were allegedly false and misleading.  ¶¶ 148, 160, 190, 196 (Mr. Casey), ¶¶ 161, 181, 190 (Mr. Rotella), ¶¶ 178, 181 (Mr. Cathcart), ¶¶ 156, 180 (Mr. Schneider).  However, Plaintiffs have

WAMU OFFICERS'
MOTION TO DISMISS
[OD-10] – Page 4
Case No. 2:08-md-01919-MJP
Lead Case No. C09-1756-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
*–and–*
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax:  (206) 757-7700

not alleged any facts showing that they relied on, or even heard, any of these purported oral misrepresentations. Similarly, the Amended Complaint alleges that WaMu issued five press releases that falsely reported the Company's financial results, ¶¶ 147, 158, 189, 195, 202, but Plaintiffs have failed to plead that they even read any of these press releases (or that the information was otherwise communicated to Plaintiffs), much less that they relied on them. Plaintiffs' conclusory allegations of reliance, *see* ¶ 248, are insufficient. Accordingly, the Court should dismiss Plaintiffs' fraud and negligent misrepresentation claims premised on the oral statements and press releases.

Plaintiffs' claim under § 10(b) (Count Eight) is similarly deficient. As with Plaintiffs' other fraud claims, to pursue a § 10(b) fraud claim, Plaintiffs must allege facts showing that they relied upon the alleged misstatements. *See Desai v. Deutsche Bank Sec., Ltd.*, 573 F.3d 931, 939 (9th Cir. 2009). As discussed above in connection with those other fraud claims, Plaintiffs have failed to allege facts showing that they relied on any of the alleged misstatements. Nor have Plaintiffs invoked the fraud on the market doctrine to satisfy their reliance pleading burden. To properly invoke that doctrine, Plaintiffs would be required to plead facts showing the existence of an efficient market as to the relevant securities. *Id.* at 939–40. Plaintiffs make no attempt to do so in the Amended Complaint. Accordingly, Plaintiffs' § 10(b) claim should also be dismissed. And failure of the alleged primary violation is fatal to Plaintiffs' § 20(a) claim (Count Ten) as well. *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 990 (9th Cir. 2009) ("Section 20(a) claims may be dismissed summarily, however, if a plaintiff fails to adequately plead a primary violation of section 10(b).").

Finally, in addition to their failure to plead actual reliance, Plaintiffs' constructive fraud claim (Count Two) must be dismissed because Plaintiffs have not—and cannot—plead the existence of a fiduciary relationship. Indeed, Plaintiffs appear to recognize this fact, as the Amended Complaint dropped the breach of fiduciary duty claim that was asserted in the original complaint. To state a claim for constructive fraud under section 1573 of the California Civil Code, a plaintiff must allege: (1) a fiduciary or confidential relationship; (2) an act, omission or

WAMU OFFICERS'
MOTION TO DISMISS
[OD-10] – Page 5
Case No. 2:08-md-01919-MJP
Lead Case No. C09-1756-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
-and-
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax: (206) 757-7700

1   concealment involving a breach of that duty; (3) reliance; and (4) resulting damage. *Sonoma*

2   *Foods, Inc. v. Sonoma Cheese Factory, LLC*, 634 F. Supp. 2d 1009, 1021 (N.D. Cal. 2007);

3   *Dealertrack, Inc. v. Huber*, 460 F. Supp. 2d 1177, 1183 (C.D. Cal. 2006).  Plaintiffs claim to be

4   purchasers of a hybrid form of securities that represented undivided ownership interests in a like

5   amount of Fixed-to-Floating Rate Perpetual Non-cumulative Preferred Securities of Washington

6   Mutual Preferred Funding LLC—they do *not* claim to be stockholders of Washington Mutual,

7   Inc.  ¶¶ 1–4; *see also* Levin Decl. at Exs. A–B.  Quite simply, Plaintiffs have not pled any facts

8   giving rise to a fiduciary or "confidential" relationship with the WaMu Officers.  *Sonoma Foods*,

9   634 F. Supp. 2d at 1021 (dismissing constructive fraud claim where plaintiff failed to allege the

10  existence of a fiduciary or confidential relationship); *Neilson v. Union Bank of Cal., N.A.*, 290 F.

11  Supp. 2d 1101, 1142 (C.D. Cal. 2003) (same).  Because there is no indication that Plaintiffs can

12  cure this deficiency, the Court should dismiss the constructive fraud claim on this additional

13  ground.

14       **B.       Plaintiffs Fail To State a Negligence Claim**

15       To state a cause of action for negligence (Count Three), a plaintiff must allege that:

16  (1) defendants owed her a legal duty; (2) they breached that duty; and (3) the breach proximately

17  caused plaintiff's injury.  *E.g.*, *Ladd v. County of San Mateo*, 12 Cal. 4th 913, 917 (1996).

18  Plaintiffs unsuccessfully attempt to plead a duty and breach thereof by alleging that Defendants

19  "fail[ed] to use reasonable care in ascertaining the actual financial condition and business

20  operations of WaMu" and "fail[ed] to disclose material adverse information regarding WaMu in

21  connection with the offer and sale of the Preferred Trust Securities."  ¶ 263.  The first supposed

22  "breach" is not actionable because Plaintiffs' allegations that the WaMu Officers mismanaged

23  the Company and/or misunderstood its operations and financial condition establish injury to the

24  corporation, not to individual investors (and especially not to investors in instruments unrelated

25  to equity in the corporation).  Indeed, even if Plaintiffs owned shares of WaMu stock, any action

26  for redress would have to be brought as a derivative suit on WaMu's behalf.  *See, e.g.*, *Nelson v.*

27  *Anderson*, 72 Cal. App. 4th 111, 125–26 (2d Dist. 1999) (no individual action based on alleged

WAMU OFFICERS'
MOTION TO DISMISS
[OD-10] – Page 6
Case No. 2:08-md-01919-MJP
Lead Case No. C09-1756-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
-and-
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax:  (206) 757-7700

1  mismanagement of corporation).  Plaintiffs' damages, if any, are entirely incidental to WaMu's

2  alleged injury.  *See id.*

3      Plaintiffs' remaining allegations—that Defendants failed to disclose material

4  information—constitute an impermissible attempt to manufacture an additional cause of action

5  by repackaging their negligent misrepresentation claim (Count Four, which fails for lack of

6  reliance, as discussed above).  *See Holcomb v. Wells Fargo Bank, N.A.*, 155 Cal. App. 4th 490,

7  501 (4th Dist. 2007) (allegations that bank falsely told plaintiff his deposit had cleared "were

8  merely duplicative of [plaintiff's] negligent misrepresentation cause of action, and therefore

9  insufficient to support a separate cause of action" for negligence).  Accordingly, the Court should

10 dismiss the negligence claim.

11     **C.    Plaintiffs' California Corporations Code §§ 25400 and 25500 Claims**
12         **(Making a False Statement To Induce the Purchase of a Security) Are**
           **Insufficiently Pled**

13     Although Plaintiffs do not identify which provision of California Corporations Code

14 section 25400 the WaMu Officers allegedly violated, it appears that they are attempting in Count

15 Five to state a claim under subsection (d), which provides that it is unlawful for any person

16 selling a security or offering a security for sale:

17         to make, for the purpose of inducing the purchase or sale of such
           security by others, any statement which was, at the time and in the
18         light of the circumstances under which it was made, false or
           misleading with respect to any material fact, or which omitted to
19         state any material fact necessary in order to make the statements
           made, in the light of the circumstances under which they were
20         made, not misleading, and which he knew or had reasonable ground
           to believe was so false or misleading.
21

22 Cal. Corp. Code § 25400(d); *see also Kamen v. Lindly*, 94 Cal. App. 4th 197, 202 (6th Dist.

23 2001).  Section 25500 creates a private civil remedy for violations of section 25400.  Cal. Corp.

24 Code § 25000; *Kamen*, 94 Cal. App. 4th at 202.  To establish liability, a plaintiff must show that

25 the defendant "willfully" violated the statute "for the purpose of inducing the purchase or sale

26 of" a security by another person.  Cal. Corp. Code § 25500; *Cal. Amplifier, Inc. v. RLI Ins. Co.*,

27 94 Cal. App. 4th 102, 110–11 (2d Dist. 2001).  Thus, the defendant must have acted with the

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
-and-
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

1  "specific intent to affect the price of a security in order to induce its purchase or sale." *Cal.*

2  *Amplifier*, 94 Cal. App. 4th at 110.[2]

3      Liability under sections 25400 and 25500 is limited to persons selling, buying, or offering

4  to sell or buy securities. *Kamen*, 94 Cal. App. 4th at 206.  In *Kamen*, the plaintiffs, investors

5  who purchased stock in S3 Incorporated, alleged section 25400 and 25500 claims against the

6  officers and directors of S3, asserting that they "made a serious of materially false and

7  misleading statements about S3's operations, products, future business prospects and the market

8  in which S3 sells its products." *Id.* at 200.  Affirming the trial court's dismissal of the claims on

9  the pleadings, the California Court of Appeal ruled that these provisions of the Corporations

10 Code apply "only to a defendant who is either a person selling or offering to sell or buying or

11 offering to buy a security." *Id.* at 206.  Other courts have reached the same conclusion. *E.g.*,

12 *Murphy v. BDO Seidman, LLP*, 113 Cal. App. 4th 687, 705 (2d Dist. 2003) (section 25400 limits

13 liability to persons who sell, buy, or offer to buy or sell security); *Openwave Sys. Inc. v. Fuld*,

14 No. C 08-5683 SI, 2009 WL 1622164, at *9 (N.D. Cal. June 6, 2009) (plaintiffs could not state a

15 claim under subsections (a) through (d) of section 25400 against corporate officers who neither

16 sold nor offered securities for sale); *Reiger v. Altris Software, Inc.*, No. 98-CV-528 TW JFS,

17 1999 WL 540893, at *10 (S.D. Cal. Apr. 30, 1999).  Here, too, Plaintiffs have not alleged that

18 the WaMu Officers sold, bought, or offered to sell or buy any securities, and therefore, Count

19 Five fails to state a claim.

20        **D.    Plaintiffs Cannot Hold the WaMu Officers Derivatively
21               Liable for Their Claims Against Goldman Sachs**

22     Count Six of the Amended Complaint purports to state a claim against Goldman Sachs

23 for violation of sections 25401 and 25501 of the California Corporations Code, and derivatively

24 against the WaMu Officers under sections 25504 and 25504.1 of that law.  As a threshold matter,

25 the Court should dismiss Count Six for the reasons set out in the Initial Purchasers' motion [08-

---

26  [2]
27        Sections 25400 and 25500 are modeled on subsections (a) and (e) of § 9 of the Exchange
         Act.  *Kamen*, 94 Cal. App. 4th at 202–03.

WAMU OFFICERS'
MOTION TO DISMISS
[OD-10] – Page 8
Case No. 2:08-md-01919-MJP
Lead Case No. C09-1756-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
–and–
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax:  (206) 757-7700

md-1919 Dkt. 466], which the WaMu Officers join.  In addition, Plaintiffs' claims under section 25504 fail in the absence of well-pled allegations that the WaMu Officers "controlled" Goldman Sachs.

Plaintiffs do not even attempt to allege that the WaMu Officers exerted control over Goldman Sachs.  Accordingly, Plaintiffs have failed to state a claim under section 25504. *Bains v. Moores*, 172 Cal. App. 4th 445, 477 (4th Dist. 2009) (plain language of section 25504 requires plaintiff to plead that defendant was in control of a "person" liable under section 25501); *In re Diasonics Sec. Litig.*, 599 F. Supp. 447, 459 (N.D. Cal. 1984) (dismissing section 25504 claim where complaint did not properly allege control relationship).  And while cases such as *Openwave Systems* have held that section 25504 "imposes presumptive liability on certain specifically enumerated classes of individuals, including principal executive officers and directors," 2009 WL 1622164 at *7, that rule does not aid Plaintiffs here because the Amended Complaint never alleges that the WaMu Officers functioned as officers or directors of Goldman Sachs.

### E.   Plaintiffs' Aiding and Abetting Claims Fail

To state a common law aiding and abetting claim (Count Seven), a plaintiff must plead: (1) the existence of an underlying intentional tort; (2) the defendant had actual knowledge of the specific primary violation; (3) the defendant gave substantial assistance or encouragement to the primary tortfeasor; and (4) causation, *i.e.*, that the aider and abettor provided assistance that was a "substantial factor" in causing the plaintiff's injury.  *Neilson*, 290 F. Supp. 2d at 1135; *Saunders v. Superior Court*, 27 Cal. App. 4th 832, 846 (2d Dist. 1994).  To satisfy Rule 9(b), the complaint "must inform the defendant what he did that constituted substantial assistance." *Neilson*, 290 F. Supp. 2d at 1131 (citation and internal punctuation omitted).

Plaintiffs' aiding and abetting claims are insufficiently pled for at least three reasons:

***First***, Plaintiffs have not alleged that any of the WaMu Officers had actual knowledge of a specific primary violation by another defendant.  The Amended Complaint states only that "Defendants made or participated in making material misrepresentations and omissions that

WAMU OFFICERS'
MOTION TO DISMISS
[OD-10] – Page 9
Case No. 2:08-md-01919-MJP
Lead Case No. C09-1756-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
-and-
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax:  (206) 757-7700

caused primary violations of each other cause of action to occur," ¶ 288, and that "Defendants either knew and/or should have known and/or were under a duty to know of the material misrepresentations and omissions," ¶ 289.  The latter sentence suggests that the WaMu Officers knew, or should have known, of ***their own*** misrepresentations.  This is far from alleging actual knowledge of another actor's specific primary violation.  *See Neilson*, 290 F. Supp. 2d at 1119–20; *Casey v. U.S. Bank Nat'l Ass'n*, 127 Cal. App. 4th 1138, 1145–53 (4th Dist. 2005).  Additionally, courts have held that allegations that a defendant "knew or should have known" of the primary tortfeasor's wrongful conduct is insufficient to plead *actual* knowledge.  *Neilson*, 290 F. Supp. 2d at 1120; *Casey*, 127 Cal. App. 4th at 1146 ("[T]he defendant must have acted to aid the primary tortfeasor with knowledge of the object to be attained.") (internal quotations and citation omitted).

    ***Second***, Plaintiffs have failed to adequately plead causation.  The Amended Complaint does not allege that the WaMu Officers provided material assistance that was a "substantial factor" in causing Plaintiffs' injury.  *Neilson*, 290 F. Supp. 2d at 1135.  Rather, the Amended Complaint states only that "Plaintiffs were injured as a direct and proximate result of the material misrepresentations and omissions alleged herein."  ¶ 290.

    ***Third***, Plaintiffs have not satisfied the heightened pleading requirements of Rule 9(b).  The Amended Complaint does not set forth, even generally, what each Officer Defendant did that that constituted substantial assistance of a specific primary violation.  Instead, Plaintiffs lump all defendants together and vaguely and conclusorily accuse them of aiding and abetting all of the other alleged torts.  As this Court has recognized, allegations which "treat[] all Defendants as an undifferentiated mass of wrongdoers" fail to satisfy Rule 8(a), let alone the heightened pleading standard of Rule 9(b).  *In re Washington Mutual ERISA Litig*., No. 07-1874, 2009 WL 3246994, at *10 (W.D. Wash. Oct. 5, 2009); *see also Neilson*, 290 F. Supp. 2d at 1131; *In re MDC Holdings Sec. Litig.*, 754 F. Supp. 785, 797 (S.D. Cal. 1990) (aiding and abetting claims failed to satisfy 9(b) where "[t]he involvement and responsibilities of [corporate] defendants is not mentioned in the complaint aside from conclusory statements"); *Swartz v. Presidio Advisory*

WAMU OFFICERS'
MOTION TO DISMISS
[OD-10] – Page 10
Case No. 2:08-md-01919-MJP
Lead Case No. C09-1756-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
*-and-*
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax:  (206) 757-7700

1  *Group*, No. C03-1252 MJP, 2008 WL 2545054 at *3 (W.D. Wash. June 24, 2008) (Pechman, J.)

2  (dismissing aiding and abetting claims where complaint failed to differentiate between

3  "Defendants" and did not identify the conduct constituting the alleged violation).

4       **F.**     **Plaintiffs' § 18 Claim Is Time Barred**

5       As the Amended Complaint itself makes clear, Plaintiffs were on inquiry notice of their

6  § 18 claims (Count Nine) long before they filed this action.  Section 18 of the Exchange Act

7  provides that "[n]o action shall be maintained to enforce any liability created under this section

8  unless brought within one year after the discovery of the facts constituting the cause of action

9  and within three years after such cause of action accrued."  15 U.S.C. § 78r(c).  The one-year

10  limitations period begins to run when circumstances suggestive of fraud would prompt a

11  reasonable investor to investigate further, and the plaintiff, in the exercise of reasonable

12  diligence, would have discovered the facts giving rise to her claim.  *Betz v. Trainer Wortham &*

13  *Co.*, 519 F.3d 863, 876 (9th Cir. 2008); *see also Fujisawa Pharm. Co. v. Kapoor*, 115 F.3d 1332,

14  1336 (7th Cir. 1997); *Dodds v. Cigna Sec., Inc.*, 12 F.3d 346, 350 (2d Cir. 1993).

15       "Where, as here, the facts needed for determination of when a reasonable investor of

16  ordinary intelligence would have been aware of the existence of fraud can be gleaned from the

17  complaint . . . resolution of the issue on a motion to dismiss is appropriate."  *Dodds*, 12 F.3d at

18  352 n.3; *see also Kreek v. Wells Fargo & Co.*, 652 F. Supp. 2d 1053, 1060 (N.D. Cal. 2009)

19  (collecting cases in the Ninth and Third Circuits where plaintiffs were found to be on inquiry

20  notice as a matter of law on a motion to dismiss); *Kelley v. Rambus, Inc.*, No. C 07-1238 JF

21  (HRL), 2008 WL 5170598, at *9–11 (N.D. Cal. Dec. 9, 2008); *In re Integrated Res. Real Estate*

22  *Ltd. P'ships Sec. Litig.*, 815 F. Supp. 620, 638–39 (S.D.N.Y. 1993) (collecting cases).

23       In the Amended Complaint, Plaintiffs highlight numerous circumstances that would have

24  triggered a reasonable investor to investigate the possibility of wrongdoing.  The first suggestion

25  of possible fraud Plaintiffs identify is the New York Attorney General's announcement of his

26  investigation into eAppraiseIT and First American, which occurred on November 1, 2007.

27  ¶ 220.  Days later, according to Plaintiffs, the New York Attorney General warned purchasers of

WAMU OFFICERS'
MOTION TO DISMISS
[OD-10] – Page 11
Case No. 2:08-md-01919-MJP
Lead Case No. C09-1756-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
*-and-*
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax: (206) 757-7700

WaMu loans to ensure "that the loans they purchased are not corrupted by this systemic fraud." ¶ 221.  On December 20, 2007, *The Wall Street Journal* reported that the SEC was investigating whether WaMu "properly accounted for its loans in financial disclosures to investors of the company." ¶ 225.

The public disclosure of these investigations placed Plaintiffs on inquiry notice of their claims more than one year before they filed their original complaint on October 16, 2009.  *See, e.g., In re Am. Funds Sec. Litig.*, 556 F. Supp. 2d 1100, 1104 (C.D. Cal. 2008) (plaintiffs were on inquiry notice when suit filed by state attorney general "disclosed enough facts probative of fraud to incite Plaintiffs to investigate") (internal quotations omitted); *Fujisawa*, 115 F.3d at 1335 ("[Plaintiff] should not have waited until the FDA's investigation hit pay dirt before beginning its own investigation.").  Indeed, Plaintiffs essentially concede that they were on inquiry notice as of late 2007, as they allege the foregoing under the heading "THE TRUTH IS REVEALED."  Amend. Compl. at 57; *see also* ¶ 12 ("Washington Mutual's true financial condition and business practices began to come to light only days after Defendants completed the 2007 Offering on or about October 25, 2007.").  Plaintiffs allege that additional indicators of wrongdoing emerged over the course of the next year.  For example, on September 25, 2008, JP Morgan purportedly announced that WaMu "was carrying loans on its balance sheet at artificially inflated valuations." ¶ 239.

There can be no reasonable explanation for why Plaintiffs delayed filing their complaint until October 2009—more than two years after, in Plaintiffs' own words, the truth was revealed. As a matter of law, Plaintiffs could have discovered the facts giving rise to their claims long before they initiated this action had they exercised reasonable diligence.  *See In re Am. Funds Sec. Litig.*, 556 F. Supp. 2d at 1104–05 (granting motion to dismiss securities fraud claims as time-barred); *Kreek*, 652 F. Supp. 2d at 1060 (noting that inquiry notice and reasonable diligence test merge when publicly disclosed information contains adequate detail).  Such a finding is particularly appropriate here, given that Plaintiffs are experienced investment companies whose investment advisor "specializ[es] in the management of preferred securities." ¶ 24.  *See Kelley*,

WAMU OFFICERS'
MOTION TO DISMISS
[OD-10] – Page 12
Case No. 2:08-md-01919-MJP
Lead Case No. C09-1756-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
-and-
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax: (206) 757-7700

2008 WL 5170598 at *9–11 (noting that resolution of the issue of inquiry notice and reasonable diligence is particularly appropriate on motion to dismiss when plaintiffs are sophisticated and experienced investors); *Betz*, 519 F.3d at 878 n.4.  Furthermore, Plaintiffs have not pled any facts indicating that Defendants prevented them from discovering their claims after the truth "began to come to light" in October 2007.  ¶ 12; *See Kelley*, 2008 WL 5170598 at *9–11.  As such, Plaintiffs' § 18 claims are time-barred as a matter of law and should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, the WaMu Officers respectfully request that the Court dismiss the Amended Complaint.

Dated this 5th day of March, 2010.

SIMPSON THACHER & BARTLETT LLP
Barry R. Ostrager (*pro hac vice*)
Mary Kay Vyskocil (*pro hac vice*)
425 Lexington Avenue
New York, New York 10017
Tel.:      (212) 455-2000
Fax:       (212) 455-2502
Email:     bostrager@stblaw.com
           mvyskocil@stblaw.com
            -and-
Robert J. Pfister (*pro hac vice*)
Andrew B. Brettler (*pro hac vice*)
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067
Tel.:      (310) 407-7500
Fax:       (310) 407-7502
Email:     rpfister@stblaw.com
Email:     abrettler@stblaw.com

DAVIS WRIGHT TREMAINE LLP

By:   */s/ Stephen M. Rummage*
      Stephen M. Rummage, WSBA #11168
      Steven P. Caplow, WSBA #19843
      1201 Third Avenue, Suite 2200
      Seattle, Washington 98101-3045
      Tel.:      (206) 757-8108
      Fax:       (206) 757-7136
      E-mail:    steverummage@dwt.com
                 stevencaplow@dwt.com

*Attorneys for Thomas W. Casey, Ronald J. Cathcart,*
*Stephen J. Rotella and David C. Schneider*

WAMU OFFICERS'
MOTION TO DISMISS
[OD-10] – Page 13
Case No. 2:08-md-01919-MJP
Lead Case No. C09-1756-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
-and-
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax: (206) 757-7700

1

## CERTIFICATE OF SERVICE

2          I hereby certify that on March 5, 2010, the foregoing was electronically filed with

3   the Clerk of the Court using the CM/ECF system which will send notification of such filing to all

4   counsel of record who receive CM/ECF notification, and that the remaining parties shall be

5   served in accordance with the Federal Rules of Civil Procedure.

6          DATED this 5th day of March, 2010.

7

8                                              SIMPSON THACHER & BARTLETT LLP

9

10                                     By:   /s/ Steven P. Caplow
                                            Steven P. Caplow, WSBA #19843
11                                          1201 Third Avenue, Suite 2200
                                            Seattle, Washington 98101-3045
12                                          Tel.:      (206) 757-8108
                                            Fax:       (206) 757-7136
13                                          E-mail:    stevencaplow@dwt.com

14

15

16

17

18

19

20

21

22

23

24

25

26

27

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
-and-
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067