THE HONORABLE MARSHA J. PECHMAN

1
2
3
4
5
6
7
8
9
10
11
12
13                    UNITED STATES DISTRICT COURT
14                  WESTERN DISTRICT OF WASHINGTON
15                              AT SEATTLE
16
17
18   IN RE WASHINGTON MUTUAL, INC.           No. 2:08-MD-1919 MJP
19   SECURITIES, DERIVATIVE & ERISA
20   LITIGATION                              **OUTSIDE DIRECTORS' MOTION TO
21                                           DISMISS AMENDED COMPLAINT**
22   _____
23                                           **[DD-08]**
24   This Document Relates to:
25   *Flaherty & Crumrine Preferred Income*  **NOTE FOR MOTION CALENDAR:**
26   *Fund Incorporated, et al. v. Killinger, et al.,*  **Friday, April 30, 2010**
27   *No. C09-1756 MJP*
28                                           **ORAL ARGUMENT REQUESTED**
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

OUTSIDE DIRECTORS' MOTION TO DISMISS AMENDED
COMPLAINT (No. 09-1756 MJP) [DD-08]

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

LEGAL17834558.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ........................................................................................ 1

II.     THE ALLEGATIONS OF THE AMENDED COMPLAINT .......................................... 2

III.    THE AMENDED COMPLAINT FAILS TO STATE A CLAIM
        FOR NEGLIGENCE ................................................................................... 5

        A.      California Recognizes No General Duty to Prevent
                Economic Loss to Third Parties ........................................................ 6

        B.      California Public Policy Does Not Favor Recognizing a
                Duty Here ....................................................................................... 6

IV.     THE AMENDED COMPLAINT FAILS TO STATE A CLAIM
        FOR  NEGLIGENT MISREPRESENTATION .................................................... 8

        A.      Plaintiffs Fail to Connect the Outside Directors to Alleged
                Misrepresentations ......................................................................... 9

                1.      Plaintiffs Do Not Adequately Allege that the
                        Outside Directors Made Statements in the Offering
                        Circulars ............................................................................. 9

                2.      Plaintiffs Fail to Allege That the Outside Directors
                        Created Misleading Financial Statements ............................. 10

                3.      Plaintiffs' Allegation that the Outside Directors
                        Signed Certain of WaMu's Public Filings Does Not
                        Satisfy the Particularity Requirements of Rule 9(b) .............. 10

        B.      Plaintiffs Fail to Adequately Allege Reliance .................................... 12

V.      PLAINTIFFS FAIL TO STATE A CLAIM FOR AIDING AND
        ABETTING ............................................................................................ 14

VI.     THE CAUSE OF ACTION UNDER SECTION 18 OF THE
        EXCHANGE ACT IS TIME BARRED .......................................................... 16

VII.    THE CAUSE OF ACTION UNDER SECTION 20(A) OF THE
        EXCHANGE ACT SHOULD BE DISMISSED ................................................ 16

VIII.   CONCLUSION ....................................................................................... 16

# TABLE OF AUTHORITIES

**Cases**

*Apollo Capital Fund, LLC v. Roth Capital Partners, LLC*, 158 Cal. App. 4th 226, 70 Cal. Rptr. 3d 199 (2007) ................................................................ 8, 13

*Biakanja v. Irving*, 320 P.2d 16 (Cal. 1958) ...................................................... 7

*Bily v. Arthur Young & Co.*, 834 P.2d 745 (Cal. 1992) .................................... 7

*Cadlo v. Owens-Ill., Inc.*, 125 Cal. App. 4th 513, 23 Cal. Rptr. 3d 1 (2004) .............................. 13

*Casey v. U.S. Bank National Ass'n*, 127 Cal. App. 4th 1138, 26 Cal. Rptr. 3d 401 (2005).......................................................................... 14

*Connor v. Great W. Sav. & Loan Ass'n*, 447 P.2d 609 (Cal. 1968)................... 7

*Desert Healthcare Dist. v. PacifiCare FHP, Inc.*, 94 Cal. App. 4th 781, 114 Cal. Rptr. 2d 623 (2001) ..................................................................... 7, 8

*Engalla v. Permanente Med. Group, Inc.*, 15 Cal. 4th 951, 64 Cal. Rptr. 2d 843 (1997)........................................................................................... 13

*Fiol v. Doellstedt*, 50 Cal. App. 4th 1318, 58 Cal. Rptr. 2d 308 (1996)....................................... 14

*Gerard v. Ross*, 204 Cal. App. 3d 968, 251 Cal. Rptr. 604 (1988)......................................... 14-15

*Gilmer v. Ellington*, 159 Cal. App. 4th 190, 70 Cal. Rptr. 3d 893 (2008)..................................... 5

*Harrison v. Enventure Capital Group, Inc.*, 666 F. Supp. 473 (W.D.N.Y. 1987) ............................................................................................. 15

*Haskin v. R.J. Reynolds Tobacco Co.*, 995 F. Supp. 1437 (M.D. Fla. 1998) .............................. 11

*Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971 (9th Cir. 1999)....................................... 16

*Howard v. Everex Sys., Inc.*, 228 F.3d 1057 (9th Cir. 2000) ......................... 16

*Howard v. Superior Court*, 2 Cal. App. 4th 745, 3 Cal. Rptr. 2d 575 (1992).......................................................................................... 14

*In re GlenFed, Inc. Sec. Litig.*, 60 F.3d 591 (9th Cir. 1995)......................... 11

*In re Nat'l Century Fin. Enters., Inc.*, 504 F. Supp. 2d 287 (S.D. Ohio 2007) ............................................................................................. 10

*In re Ross Sys. Sec. Litig.*, No. C-94-0017-DLJ, 1994 WL 583114 (N.D. Cal. July 21, 1994) ....................................................................... 12

OUTSIDE DIRECTORS' MOTION TO DISMISS AMENDED
COMPLAINT (No. 09-1756 MJP) [DD-08] - ii

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

## TABLE OF AUTHORITIES
### (continued)

*In re Syntex Corp. Sec. Litig.*, 855 F. Supp. 1086 (N.D. Cal. 1994), *aff'd*,
95 F.3d 922 (9th Cir. 1996) ............................................................... 12

*J'Aire Corp. v. Gregory*, 598 P.2d 60 (Cal. 1979) ........................................... 7

*Kainos Labs Inc. v. Beacon Diagnostics, Inc.*, No. C-97-4618 MHP, 1998
WL 2016634 (N.D. Cal. Sept. 14, 1998) ............................................. 11

*Kamen v. Lindly*, 94 Cal. App. 4th 197, 114 Cal. Rptr. 2d 127 (2001) ................. 11

*Kearns v. Ford Motor Co.*, 567 F.3d 1120 (9th Cir. 2009) ................................... 5

*Mirkin v. Wasserman*, 858 P.2d 568 (Cal. 1993) ............................................ 14

*Morfin v. Accredited Home Lenders, Inc.*, No. 09cv792-WQH-BLM, 2010
WL 391838 (S.D. Cal. Jan. 26, 2010) .................................................. 11

*Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Cambridge Integrated
Servs. Group, Inc.*, 171 Cal. App. 4th 35, 89 Cal Rptr. 3d 473 (2009) .......... 13

*Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101 (C.D. Cal.
2003) ....................................................................... 9, 14, 15

*Neubronner v. Milken*, 6 F.3d 666 (9th Cir. 1993) ......................................... 13

*Oddone v. Superior Court*, 179 Cal. App. 4th 813, 101 Cal. Rptr. 3d 867
(2009) ............................................................................ 6

*Patriot Scientific Corp. v. Korodi*, 504 F. Supp. 2d 952 (S.D. Cal. 2007) ............... 8

*Quelimane Co. v. Stewart Title Guar. Co.*, 960 P.2d 513 (Cal. 1998) ................. 6, 7

*S. F. Unified Sch. Dist. v. W.R. Grace & Co.*, 37 Cal. App. 4th 1318, 44
Cal. Rptr. 2d 305 (1995) ............................................................ 6

*Saunders v. Superior Court*, 27 Cal. App. 4th 832, 33 Cal. Rptr. 2d 438
(1994) ........................................................................... 14

*Stack v. Lobo*, 903 F. Supp. 1361 (N.D. Cal. 1995) .................................. 11, 12

*Swartz v. KPMG LLP*, 476 F.3d 756 (9th Cir. 2007) ................................... 11

*Wojtunik v. Kealy*, 394 F. Supp. 2d 1149 (D. Ariz. 2005) ............................. 11

**Regulations and Rules**

Fed. R. Civ. P. 12(b)(6) .................................................................. 8

OUTSIDE DIRECTORS' MOTION TO DISMISS AMENDED
COMPLAINT (No. 09-1756 MJP) [DD-08] - iii

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

LEGAL17834558.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

## TABLE OF AUTHORITIES
### (continued)

Fed. R. Civ. P. 9(b) ................................................................................................ passim

**Other Authorities**

6 B.E. Witkin, Summary of Cal. Law, *Torts*, § 835 (10th ed. 2005) ............................................. 5

Restatement (Second) of Torts § 876 (1979) ................................................................. 14

OUTSIDE DIRECTORS' MOTION TO DISMISS AMENDED
COMPLAINT (No. 09-1756 MJP) [DD-08] - iv

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

LEGAL17834558.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

The non-management directors of Washington Mutual, Inc. ("WaMu") named as defendants in this action, Anne V. Farrell, Stephen E. Frank, Thomas C. Leppert, Charles M. Lillis, Phillip D. Matthews, Regina T. Montoya, Michael K. Murphy, Margaret Osmer McQuade, Mary E. Pugh, William G. Reed, Jr., Orin C. Smith, James H. Stever and Willis B. Wood, Jr. (collectively, the "Outside Directors"), respectfully submit this memorandum of law in support of their motion to dismiss the Amended Complaint in the above-captioned action (the "Amended Complaint" or "Am. Compl.").  In addition, the Outside Directors join and incorporate by reference the arguments in support of the motions to dismiss filed by all other defendants, as applicable.

## I.        INTRODUCTION

Plaintiffs purchased interests in unregistered WaMu securities in California and assert a variety of state common law and federal securities claims arising from these purchases. Although plaintiffs have named the Outside Directors as defendants, they do not allege that the Outside Directors played any role in the preparation or review of documents soliciting the securities offerings at issue, which allegedly contain false and misleading information, or were in any way involved in the sales process by which plaintiffs purchased these securities.  Indeed, plaintiffs do not cite a single specific misleading statement or omission made by the Outside Directors in support of their claims.  The Outside Directors are included in the Amended Complaint solely based on generalized allegations that they served on WaMu's Board of Directors and certain Board committees and that their signatures therefore appear on three of WaMu's public filings that were allegedly incorporated by reference, along with other WaMu public filings, into the relevant offering documents.

These flimsy allegations regarding the Outside Directors are insufficient to support the asserted causes of action, and all of the claims against the Outside Directors should be dismissed, for the following reasons:

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

First, the Amended Complaint fails to sufficiently plead any facts regarding a legal duty that the Outside Directors owed to these plaintiff investors, and therefore there is no basis for a common law negligence claim.

Second, the Amended Complaint fails to plead the elements of a negligent misrepresentation claim with the particularity required by Federal Rule of Civil Procedure ("Rule") 9(b).

Third, the Amended Complaint explicitly disclaims that the Outside Directors were knowing participants in the alleged underlying fraudulent scheme.  Am. Compl. ¶ 45. Accordingly, because knowledge of the alleged improper conduct is a required element of an aiding and abetting claim, plaintiffs have pled themselves out of an aiding and abetting claim against the Outside Directors.

Fourth, as set forth in the WaMu Officers' Motion to Dismiss, which the Outside Directors join, plaintiffs' cause of action against all defendants under Section 18 of the Securities Exchange Act of 1934 (the "Exchange Act") is time-barred.

Finally, the control person claim under Section 20(a) of the Exchange Act fails because, for the reasons set forth in the WaMu Officers' Motion to Dismiss, the Amended Complaint does not adequately allege an underlying primary violation of the Exchange Act as required to sustain a control person claim under Section 20(a).

Plaintiffs' attempt to overreach by naming the Outside Directors as defendants fails, and all claims against them should be dismissed with prejudice.

## II.       THE ALLEGATIONS OF THE AMENDED COMPLAINT

Plaintiffs are several publicly traded investment entities that allegedly purchased unregistered Washington Mutual Preferred Trust Securities (the "Securities") in separate offerings on or about March 7, 2006 (the "2006 Offering") and October 25, 2007 (the "2007

Offering"). Am. Compl. ¶¶ 1-4, 24.[1]  Plaintiffs allege that they overpaid for the Securities when they purchased them because of false and misleading statements about WaMu upon which they allegedly relied.  Am. Compl. ¶ 240.

Plaintiffs initially filed their complaint in the Superior Court for the State of California, County of Los Angeles, on October 16, 2009.  *See* Am. Compl. ¶ 17.  The action was removed to the Central District of California and then transferred by the Judicial Panel on Multidistrict Litigation to the Western District of Washington for coordinated pretrial proceedings.  Am. Compl. ¶¶ 17, 18.  Plaintiffs filed the Amended Complaint on January 25, 2010.  In addition to the Outside Directors, the Amended Complaint names as defendants Kerry K. Killinger, Thomas W. Casey, Stephen J. Rotella, Ronald J. Cathcart, and David C. Schneider (collectively, the "Officer Defendants") and Goldman Sachs & Co., Credit Suisse Securities (USA) LLC and Morgan Stanley & Co. (collectively, the "Initial Purchaser Defendants").  Am. Compl. ¶¶ 26-30, 47-50.  The Amended Complaint alleges causes of action against the Outside Directors for: negligence (Count III); negligent misrepresentation (Count IV); aiding and abetting various common law and California statutory violations by the Officer Defendants and the Initial Purchaser Defendants (Count VII); violating Section 18 of the Exchange Act (Count IX); and violating Section 20(a) of the Exchange Act (Count XI).

Plaintiffs allegedly purchased Securities in the 2006 Offering from the Initial Purchaser Defendants and purchased Securities in the 2007 Offering from defendant Goldman Sachs & Co. Am. Compl. ¶¶ 126, 163.  In connection with their purchase of the Securities, plaintiffs allegedly relied on false and misleading statements found in two sources:  the offering documents corresponding to the 2006 Offering and the 2007 Offering (collectively, the "Offering Circulars") and certain of WaMu's public filings with the United States Securities and Exchange

---

[1] Nonparty Flaherty & Crumrine Incorporated is an investment manager that served as Plaintiffs' investment adviser and/or portfolio manager.  Am. Compl. ¶ 24.

OUTSIDE DIRECTORS' MOTION TO DISMISS AMENDED
COMPLAINT (No. 09-1756 MJP) [DD-08] - 3

LEGAL17834558.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Commission ("SEC") that were incorporated in the Offering Circulars by reference.  Am. Compl. ¶¶ 4, 24.

In a single conclusory and unsupported assertion, plaintiffs allege that the Outside Directors "authorized the sale" of the Securities.  Am. Compl. ¶ 45.  But plaintiffs do not allege that the Outside Directors played any role in either the 2006 Offering or the 2007 Offering or were in any way involved in the preparation or review of the Offering Circulars.  The Amended Complaint fails to allege any connection between the Outside Directors and the Offering Circulars, between the Outside Directors and any allegedly misleading statements, or between the Outside Directors and plaintiffs' Securities purchases.  The only alleged connection between plaintiffs' purchase of the Securities and the Outside Directors is that the Outside Directors served as members of WaMu's Board and certain Board committees and, as such, signed certain of WaMu's SEC filings that were allegedly incorporated by reference into the Offering Circulars. *See, e.g.*, Am. Compl. ¶¶ 45, 143, 176, 184.  Specifically, the Amended Complaint alleges that the Outside Directors signed WaMu's Forms 10-K for 2004, 2005 and 2006, and it alleges that these public filings, which were referenced in the Offering Circulars, contained false or misleading statements.  *See, e.g.*, Am. Compl. ¶¶ 143, 146, 176, 184.  Other than these signatures, plaintiffs do not allege that the Outside Directors were involved in the preparation or issuance of WaMu's financial statements.

The Outside Directors are not mentioned individually except in the section of the Amended Complaint introducing the parties and identifying each Outside Director Defendant as a member of one or both of the Finance and Audit Committees of the Board of Directors.  Am. Compl. ¶¶ 32-44.  After a section generally describing the role of WaMu's Finance and Audit Committees, Am. Compl. ¶¶ 107-14, the Amended Complaint lists three alleged actions by the Outside Directors:  that the Finance Committee "approved a set of credit risk concentration limits," Am. Compl. ¶ 112, and "closely monitored, and received reports from Goldman Sachs concerning, [WaMu's] mortgage credit losses," Am. Compl. ¶ 113; and that the entire Board had

OUTSIDE DIRECTORS' MOTION TO DISMISS AMENDED COMPLAINT (No. 09-1756 MJP) [DD-08] - 4

LEGAL17834558.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

"been actively engaged in formulating and overseeing management's implementation of risk management policies," Am. Compl. ¶ 114.  These factual allegations regarding the Outside Directors constitute little more than boilerplate descriptions of the role of directors generally and offer no specific facts regarding any connection between the Outside Directors and these sophisticated investor plaintiffs or between the Outside Directors and the allegedly misleading information about which plaintiffs complain.

### III.    THE AMENDED COMPLAINT FAILS TO STATE A CLAIM FOR NEGLIGENCE

Count III of the Amended Complaint asserts a common law cause of action for negligence against the Outside Directors.  Although this action is filed in federal court, state law governs whether the pleaded elements state a cause of action.  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009).  To prove negligence under California law, a plaintiff must show that the defendant owed plaintiff a legal duty, that the defendant breached that duty, and that the breach was the proximate or legal cause of the resulting injury.  *See Gilmer v. Ellington*, 159 Cal. App. 4th 190, 195, 70 Cal. Rptr. 3d 893 (2008) ("[I]f the plaintiff cannot establish that the defendant owed the plaintiff a duty, the [negligence] action must be dismissed."); 6 B.E. Witkin, Summary of Cal. Law, *Torts*, § 835 (10th ed. 2005).  Whether a duty exists "is a question of law for the court to decide."  *Gilmer*, 159 Cal. App. 4th at 195-96 (citing authorities).  Plaintiffs cannot allege that the Outside Directors owed them any duty as WaMu shareholders because they were not shareholders.  Rather, plaintiffs ask this Court to recognize, for the first time under California law, a duty of reasonable care to prevent economic harm owed to potential investors by outside directors of a corporation.  Plaintiffs make this request even though courts in California have repeatedly endorsed a policy in favor of limiting negligence liability to recognized duties within narrowly defined classes.  Plaintiffs have not alleged that the Outside Directors owed them any legally recognized duty, and their negligence claim should therefore be dismissed.

OUTSIDE DIRECTORS' MOTION TO DISMISS AMENDED COMPLAINT (No. 09-1756 MJP) [DD-08] - 5

LEGAL17834558.1

**A.     California Recognizes No General Duty to Prevent Economic Loss to Third Parties**

Plaintiffs allege that the Outside Directors breached their duty "to use reasonable care in connection with the offer and sale" of the Securities. Am. Compl. ¶ 262.[2] California does not recognize a general legal duty to prevent economic damages to third parties. *Quelimane Co. v. Stewart Title Guar. Co.*, 960 P.2d 513, 532 (Cal. 1998) ("Recognition of a duty to manage business affairs so as to prevent purely economic loss to third parties in their financial transactions is the exception, not the rule, in negligence law."). California courts are unlikely to recognize a new duty to support a negligence claim seeking only to recover for economic damages, as alleged here. *See, e.g.*, *Oddone v. Superior Court*, 179 Cal. App. 4th 813, 819, 101 Cal. Rptr. 3d 867 (2009) ("When it comes to the scope of duty . . . there appears to be a difference between cases when the negligent act results in physical injury and cases where negligence results in economic loss. The expectation that an actor will be subject to liability for harm caused by mere negligence is greatest where the negligence results in physical injury.") (quotation omitted); *S. F. Unified Sch. Dist. v. W.R. Grace & Co.*, 37 Cal. App. 4th 1318, 1327, 44 Cal. Rptr. 2d 305 (1995) ("[U]ntil damage rises above the level of mere economic loss[] a plaintiff cannot state a cause of action for strict liability or negligence."). There is no basis in California law to support an amorphorous duty on the part of outside directors to prevent losses by third parties who have no relationship with the corporation. Because the Outside Directors had no legal duty to prevent economic losses by potential investors, plaintiffs' negligence claim fails.

**B.     California Public Policy Does Not Favor Recognizing a Duty Here**

Plaintiffs' negligence claim against the Outside Directors fares no better under a public policy umbrella. California courts will consider whether to extend a duty to prevent economic

---

[2] Plaintiffs in one part of their Amended Complaint allege that the Outside Directors owed them a *fiduciary* duty. Am. Compl. ¶ 45. They offer no factual support for this claim, do not repeat it in any of their causes of action, and thus appear to have abandoned it in favor of an argument that the Outside Directors breached a duty of reasonable care.

OUTSIDE DIRECTORS' MOTION TO DISMISS AMENDED
COMPLAINT (No. 09-1756 MJP) [DD-08] - 6

LEGAL17834558.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

loss to third parties based on public policy considerations. *See Biakanja v. Irving*, 320 P.2d 16, 19 (Cal. 1958) ("The determination of whether in a specific case the defendant will be held liable to third parties not in privity is a matter of policy and involves the balancing of various factors . . . ."). These considerations attempt to avoid unlimited and uncertain liability for economic losses by limiting liability to "a narrow and circumscribed class of persons to whom or for whom representations are made." *Bily v. Arthur Young Co.*, 834 P.2d 745, 769 (Cal. 1992). As a result, California courts have extended duties to third parties in rare cases, none of which are relevant to the facts alleged here. *See, e.g.*, *J'Aire Corp. v. Gregory*, 598 P.2d 60, 66 (Cal. 1979) (holding that "a contractor owes a duty of care to a tenant of a building undergoing construction work to prosecute that work in a manner which does not cause undue injury to the tenant's business."); *Connor v. Great W. Sav. & Loan Ass'n*, 447 P.2d 609, 617 (Cal. 1968) (finding that construction lender had a duty to third-party home buyers because lender had control over the quality of construction but failed to prevent major defects). The directors of a corporation have obligations imposed by the laws of the state of incorporation to act on behalf of the corporation and its shareholders, but they do not have a generalized obligation to prevent financial loss to third parties.

In *Bily v. Arthur Young & Co.*, a 1992 decision limiting negligence claims against professionals in the business context, the California Supreme Court declined to hold an accounting firm responsible for losses suffered by investors who relied on a negligently completed audit opinion. 834 P.2d at 80. The *Bily* court found that "the generally more sophisticated class of plaintiffs in auditor liability cases (e.g., business lenders and investors) permits the effective use of contract rather than tort liability to control and adjust the relevant risks." *Id.* at 67. *See also Quelimane*, 960 P.2d at 533 (holding that "[w]ith rare exceptions, a business entity has no duty to prevent financial loss to others with whom it deals directly" and "no greater duty to prevent financial losses to third parties who may be affected by its operations"). Similarly, the court in *Desert Healthcare District v. PacifiCare FHP, Inc.* rejected

OUTSIDE DIRECTORS' MOTION TO DISMISS AMENDED
COMPLAINT (No. 09-1756 MJP) [DD-08] - 7

LEGAL17834558.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

a negligence claim brought by a "sophisticated, knowledgeable entit[y]" for public policy reasons.  94 Cal. App. 4th 781, 793, 114 Cal. Rptr. 2d 623 (2001).  The *Desert Healthcare* court rejected the negligence claim because "[t]he conduct alleged to have been negligent must have been intended to affect that particular plaintiff, rather than just a class of persons to whom the plaintiff happens to belong."  *Id.* at 792.

Here, plaintiffs were allegedly controlled by a sophisticated firm "specializing in the management of preferred securities."  Am. Compl. ¶ 24.  Plaintiffs do not allege that they had any direct relationship with the Outside Directors, or that the Outside Directors took any actions specifically aimed at plaintiffs.  Indeed, the Amended Complaint does not allege any involvement by the Outside Directors in the conduct related to the purchase of the Securities; the basis for plaintiffs' claims is the Outside Directors' signatures on WaMu's yearly public filings that were prepared for reasons unrelated to the Offering Circulars.  Concluding that the Outside Directors owed plaintiffs a duty of reasonable care to prevent economic loss on these facts would constitute an unwarranted and potentially limitless extension of negligence liability for economic loss.  There is no legal basis for a negligence claim against the Outside Directors, and this cause of action should be dismissed pursuant to Rule 12(b)(6).

## IV.    THE AMENDED COMPLAINT FAILS TO STATE A CLAIM FOR NEGLIGENT MISREPRESENTATION

Under California law, the elements of a negligent misrepresentation claim are "(1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage."  *Apollo Capital Fund, LLC v. Roth Capital Partners, LLC*, 158 Cal. App. 4th 226, 243, 70 Cal. Rptr. 3d 199 (2007).  When a negligent misrepresentation claim is made in a complaint in federal court, it is subject to the heightened pleading requirements of Rule 9(b).  *Patriot Scientific Corp. v. Korodi*, 504 F. Supp. 2d 952, 965 (S.D. Cal. 2007) (concluding that negligent misrepresentation is a form of fraud and

OUTSIDE DIRECTORS' MOTION TO DISMISS AMENDED
COMPLAINT (No. 09-1756 MJP) [DD-08] - 8

LEGAL17834558.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

subject to the particularity requirements of Rule 9(b)); *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003) ("It is well-established in the Ninth Circuit that both claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirements.").  Plaintiffs' negligent misrepresentation claim against the Outside Directors fails to satisfy the particularity requirements of Rule 9(b) and should therefore be dismissed. Plaintiffs fail to sufficiently allege with particularity that the Outside Directors were responsible for the allegedly false or misleading information.  In addition, plaintiffs fail to adequately allege that they relied on the misrepresentations attributed to the Outside Directors.

**A.      Plaintiffs Fail to Connect the Outside Directors to Alleged Misrepresentations**

Plaintiffs allege the existence of misrepresentations in two sources:  (1) the Offering Circulars used to solicit investment in the 2006 Offering and the 2007 Offering, *e.g.*, Am. Compl. ¶ 45; and (2) WaMu's Form 10-K filings for 2004, 2005, and 2006, which were incorporated by reference into the Offering Circulars, *e.g.*, Am. Compl. ¶¶ 143, 146, 176, 184. Plaintiffs fail adequately to allege that the Outside Directors were responsible for the contents of either the Offering Circulars or the Form 10-K filings.

**1.      Plaintiffs Do Not Adequately Allege that the Outside Directors Made Statements in the Offering Circulars**

Plaintiffs allege that the Outside Directors "negligently made false and misleading statements included in the Offering Circulars."  Am. Compl. ¶ 45.  However, plaintiffs do not allege that the Outside Directors played any role in the creation, review or approval of the Offering Circulars and do not attribute any specific statements in the Offering Circulars to the Outside Directors.  The Amended Complaint generally describes the role and function of WaMu's Audit and Finance Committees, Am. Compl. ¶¶ 107-14, and alleges that the Outside Directors were responsible for oversight of certain functions, including risk management and monitoring WaMu's allowance for loan losses, Am. Compl. ¶¶ 93, 96, 98, 151, 200.  However, nowhere in the Amended Complaint is it alleged, either generally or specifically, that the Outside

OUTSIDE DIRECTORS' MOTION TO DISMISS AMENDED
COMPLAINT (No. 09-1756 MJP) [DD-08] - 9

LEGAL17834558.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Directors were involved in any way with the preparation or approval of the Offering Circulars. In the absence of such allegations, courts have declined to assume that outside directors are responsible for the contents of offering documents. *See, e.g.*, *In re Nat'l Century Fin. Enters., Inc.*, 504 F. Supp. 2d 287, 297-98 (S.D. Ohio 2007) ("Outside directors . . . cannot be assumed to have assisted in preparing, reviewing, or approving offering materials."). This Court should decline to do so as well.

> **2.     Plaintiffs Fail to Allege That the Outside Directors Created Misleading Financial Statements**

Plaintiffs also attempt to hold the Outside Directors liable for alleged misstatements in WaMu's Forms 10-K. Am. Compl. ¶¶ 45, 143, 176, 184. Although these documents were allegedly incorporated by reference into the Offering Circulars, they are not contained in the Offering Circulars themselves, and they were not prepared specifically for the Offering Circulars. Moreover, plaintiffs do not allege that the Outside Directors played any role in creation of the Forms 10-K—plaintiffs allege only that the Outside Directors signed the documents, Am. Compl. ¶¶ 143, 176, 184, and that the Audit Committee's general functions included "assis[tance] with the oversight of the integrity of the Company's financial reporting process and financial statements and systems of internal controls," Am. Compl. ¶ 108. Plaintiffs allege no affirmative act by the Outside Directors that caused any alleged misstatement; they do not allege that the Outside Directors took any actions or omitted to take any actions directly related to the alleged misstatements; nor do they allege that the Outside Directors had any role in the decision to include references to the Forms 10-K in the Offering Circulars. Instead, plaintiffs' negligent misrepresentation claim relies entirely on conclusory allegations regarding the general role of directors and the function of board committees.

> **3.     Plaintiffs' Allegation that the Outside Directors Signed Certain of WaMu's Public Filings Does Not Satisfy the Particularity Requirements of Rule 9(b)**

Sole reliance on the Outside Directors' signatures on documents which were prepared by someone else for some other purpose and which were incorporated into the Offering Circulars is

OUTSIDE DIRECTORS' MOTION TO DISMISS AMENDED
COMPLAINT (No. 09-1756 MJP) [DD-08] - 10

LEGAL17834558.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

insufficient to meet the particularity requirements of Rule 9(b).  *See Wojtunik v. Kealy*, 394 F. Supp. 2d 1149, 1165 (D. Ariz. 2005); *Stack v. Lobo*, 903 F. Supp. 1361, 1376 (N.D. Cal. 1995) ("[A]n outside director does not become liable for the contents of a group published document merely by signing it.").  "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but 'require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud.'"  *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) (quoting *Haskin v. R.J. Reynolds Tobacco Co.*, 995 F. Supp. 1437, 1439 (M.D. Fla. 1998)); *see also Morfin v. Accredited Home Lenders, Inc.*, No. 09cv792-WQH-BLM, 2010 WL 391838, at *7 (S.D. Cal. Jan. 26, 2010).

Utilizing the group pleading doctrine to satisfy Rule 9(b)'s particularity requirements is permissible against outside directors only where a plaintiff can allege that the "outside director[s] either participated in the day-to-day corporate activities, or had a special relationship with the corporation, such as participation in preparing or communicating group information at particular times."  *In re GlenFed, Inc. Sec. Litig.*, 60 F.3d 591, 593 (9th Cir. 1995); *see also Kainos Labs Inc. v. Beacon Diagnostics, Inc.*, No. C-97-4618 MHP, 1998 WL 2016634, at *13 (N.D. Cal. Sept. 14, 1998) (dismissing case against outside directors where plaintiffs made only conclusory allegations regarding involvement of outside directors in corporate decision making); *Kamen v. Lindly*, 94 Cal. App. 4th 197, 208, 114 Cal. Rptr. 2d 127 (2001) (refusing to apply group pleading in statutory fraud case where plaintiffs failed to show that directors were involved in day-to-day affairs of company or had special relationship with company).  Here, plaintiffs fail to allege any involvement by the Outside Directors in WaMu's day-to-day management.  The Amended Complaint offers no details concerning the Outside Directors' involvement in the alleged underlying misconduct concerning underwriting, appraisals, risk management or the preparation of WaMu's financial statements.  The Amended Complaint contains no well-pled allegations refuting the presumption that these Outside Directors did not have day-to-day

OUTSIDE DIRECTORS' MOTION TO DISMISS AMENDED
COMPLAINT (No. 09-1756 MJP) [DD-08] - 11

LEGAL17834558.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

involvement in WaMu's affairs.  *See, e.g.*, *In re Syntex Corp. Sec. Litig.*, 855 F. Supp. 1086, 1100

(N.D. Cal. 1994) ("By definition, outside directors do not participate in the corporation's day-to-

day affairs."), *aff'd*, 95 F.3d 922 (9th Cir. 1996).

Allegations concerning membership on board committees, *e.g.*, Am. Compl. ¶¶ 107-14,

are also insufficient to satisfy the particularity standards of Rule 9(b).  *See, e.g.*, *Stack*, 903

F. Supp. at 1376 (finding argument that directors were liable for group-published information

because they were the sole members of company's audit committee "unpersuasive"); *In re*

*Syntex*, 855 F. Supp. at 1100 (concluding that allegations that an outside director chaired the

corporate defendant's finance and trust revenue committees failed to establish the requisite

involvement in the corporation's day-to-day affairs); *In re Ross Sys. Sec. Litig.*, No. C-94-0017-

DLJ, 1994 WL 583114, at *6 (N.D. Cal. July 21, 1994) (rejecting allegations that outside

directors served on various board committees and signed SEC filings as insufficient to permit

group pleading).

Here, plaintiffs do not allege that the Outside Directors played any role in preparing or

reviewing the Offering Circulars.  The alleged misrepresentations attributed to the Outside

Directors do not appear in any materials specifically prepared for the Offering Circulars and are

instead found in WaMu's general corporate filings.  Plaintiffs do not even make a half-hearted

effort to allege that the Outside Directors were so immersed in WaMu's day-to-day activities that

they can be lumped in with the officers for purposes of responsibility for allegedly false

statements in the offering documents.  Plaintiffs' recitation of boilerplate descriptions of board

responsibilities along with an allegation of signatures on regularly-prepared corporate filings

does not come close to satisfying the particularity requirements of Rule 9(b) in order to state a

negligent misrepresentation claim against the Outside Directors under California law.

**B.**    **Plaintiffs Fail to Adequately Allege Reliance**

The negligent misrepresentation claim also fails because plaintiffs have not adequately

alleged reliance.  To state a claim for negligent misrepresentation, plaintiffs must allege that they

OUTSIDE DIRECTORS' MOTION TO DISMISS AMENDED
COMPLAINT (No. 09-1756 MJP) [DD-08] - 12

LEGAL17834558.1

actually and justifiably relied on statements made by the Outside Directors.  *Apollo Capital Fund*, 158 Cal. App. 4th at 243.  "Actual reliance occurs when the defendant's misrepresentation is an immediate cause of the plaintiff's conduct . . . and when, absent such representation, the plaintiff would not, in all reasonable probability, have entered into the transaction."  *Cadlo v. Owens-Ill., Inc.*, 125 Cal. App. 4th 513, 519, 23 Cal. Rptr. 3d 1 (2004) (citing *Engalla v. Permanente Medical Group, Inc.*, 15 Cal. 4th 951, 976, 64 Cal. Rptr. 2d 843 (1997)).  Under California law, plaintiffs must plead the element of reliance with specificity.  *See Neubronner v. Milken*, 6 F.3d 666, 673 (9th Cir. 1993) (dismissing misrepresentation claims for failure to satisfy Rule 9(b) where plaintiff failed to allege precisely when and where he obtained false information); *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Cambridge Integrated Servs. Group, Inc.*, 171 Cal. App. 4th 35, 50, 89 Cal Rptr. 3d 473 (2009) ("[T]here is a consensus that the causal elements [of negligent misrepresentation], particularly the allegations of reliance, must be specifically pleaded.").

Therefore, even if plaintiffs adequately alleged under Rule 9(b)  that the Outside Directors made false statements—which they do not—plaintiffs' negligent misrepresentation claim is still insufficiently pled because plaintiffs do not allege specific reliance on any statements by the Outside Directors as required under California law.  The Amended Complaint broadly alleges that plaintiffs "read and relied upon the Offering Circulars and the documents incorporated by reference," Am. Compl. ¶ 24, and that "Plaintiffs justifiably relied on the materially false and misleading statements alleged herein."  Am. Compl. ¶ 271.  However, plaintiffs fail to allege any details to support these conclusory assertions of reliance on alleged misrepresentations by Outside Directors.  Plaintiffs' mere assertion of reliance is inadequate.  *See Cadlo v. Owens-Ill., Inc.*, 125 Cal. App. at 519 ("Thus, the mere assertion of 'reliance' is insufficient.  The plaintiff must allege the specifics of his or her reliance on the misrepresentation to show a bona fide claim of actual reliance.").  Essentially, plaintiffs' allegations are nothing more than assertions that they relied on the Offering Circulars.  But such general, conclusory

OUTSIDE DIRECTORS' MOTION TO DISMISS AMENDED
COMPLAINT (No. 09-1756 MJP) [DD-08] - 13

LEGAL17834558.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

allegations do not meet the requirements for pleading actual reliance on alleged false statements made by specific defendants.  There are no specific reliance allegations as to the Outside Directors.  This failure to adequately plead reliance requires dismissal of the negligent misrepresentation claim against the Outside Directors.  *See Mirkin v. Wasserman*, 858 P.2d 568, 575-76 (Cal. 1993) (affirming dismissal of negligent misrepresentation claim for failure to properly plead reliance with sufficient specificity).

## V.      PLAINTIFFS FAIL TO STATE A CLAIM FOR AIDING AND ABETTING

Plaintiffs allege that the Outside Directors aided and abetted the misconduct of other defendants underlying Counts I through VI in the Amended Complaint. Am. Compl. ¶¶ 287-91. To state a claim for aiding and abetting under California law, plaintiffs must allege that the Outside Directors (1) knew that the other defendants' conduct constituted a breach of duty and gave substantial assistance to the others to so act, or (2) gave substantial assistance to others in accomplishing a tortious result and the Outside Directors' own conduct, separately considered, constituted a breach of duty to plaintiffs.  *See Fiol v. Doellstedt*, 50 Cal. App. 4th 1318, 1325-26, 58 Cal. Rptr. 2d 308 (1996) (citing *Saunders v. Superior Court*, 27 Cal. App. 4th 832, 846, 33 Cal. Rptr. 2d 438 (1994); Restatement (Second) of Torts § 876 (1979)).

The allegations in the Amended Complaint fail to state an aiding and abetting claim. First, a party can be liable for aiding and abetting only if he or she has "actual knowledge of the primary violation." *Neilson*, 290 F. Supp. 2d at 1119 (quoting *Howard v. Superior Court*, 2 Cal. App. 4th 745, 749, 3 Cal. Rptr. 2d 575 (1992) ("'while aiding and abetting may not require a defendant to agree to join the wrongful conduct, it necessarily requires a defendant to reach a *conscious decision* to participate in tortious activity for the purpose of assisting another in performing a wrongful act'") (emphasis added)); *Casey v. U.S. Bank National Ass'n*, 127 Cal. App. 4th 1138, 1145-46, 26 Cal. Rptr. 3d 401 (2005) (noting that "California courts have long held that liability for aiding and abetting depends on proof the defendant had actual knowledge of the specific primary wrong the defendant substantially assisted."); *Gerard v. Ross*, 204 Cal.

OUTSIDE DIRECTORS' MOTION TO DISMISS AMENDED
COMPLAINT (No. 09-1756 MJP) [DD-08] - 14

LEGAL17834558.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

App. 3d 968, 983, 251 Cal. Rptr. 604 (1988) ("[T]o be held liable [for civil aiding and abetting] as a co-tortfeasor, a defendant must have knowledge and intent.").  Plaintiffs allege just the opposite here.  Plaintiffs "do **not** allege the Director Defendants were knowing participants in the fraudulent scheme perpetrated by the Officer Defendants."  Am. Compl. ¶ 45; *see also* Am. Compl. ¶ 5 ("[T]he Director Defendants . . . participated in the dissemination of fraudulent statements without awareness of the actual fraud.").  Since the Amended Complaint denies knowledge on the part of the Outside Directors regarding the alleged fraudulent actions of the Officer Defendants, by their own allegations, plaintiffs admit that they have failed to allege the required knowledge element of an aiding and abetting claim.

Second, even if plaintiffs had alleged that the Outside Directors had knowledge of the alleged misconduct by the Officer Defendants—which they have not—plaintiffs fail to allege that the Outside Directors provided "substantial assistance" in the alleged violations by the Officer Defendants.  Since the Amended Complaint alleges aiding and abetting fraud, "substantial assistance" must be pled with particularity under Rule 9(b).  *See Neilson*, 290 F. Supp. 2d at 1130 & n.81; *Harrison v. Enventure Capital Group, Inc.*, 666 F. Supp. 473, 477 (W.D.N.Y. 1987) ("[T]he acts or omissions that comprise the necessary substantial assistance must be pleaded with specificity.  Generalized and conclusory allegations that a defendant aided and abetted the principal wrongdoers will not suffice.").  As discussed previously, the Amended Complaint lacks any allegations concerning actions taken by any of the Outside Directors, either individually or as a group, let alone particularized allegations of such actions.  By disclaiming any knowledge on the part of the Outside Directors and failing to allege any specific misconduct on their part, plaintiffs have no allegations to satisfy the requirements of an aiding and abetting claim.

OUTSIDE DIRECTORS' MOTION TO DISMISS AMENDED
COMPLAINT (No. 09-1756 MJP) [DD-08] - 15

LEGAL17834558.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

## VI.    THE CAUSE OF ACTION UNDER SECTION 18 OF THE EXCHANGE ACT IS TIME BARRED

Plaintiffs' ninth cause of action alleges that the Outside Directors violated Section 18 of the Exchange Act.  Am. Compl. ¶¶ 301-09.  For the reasons set forth in the WaMu Officers' Motion to Dismiss, which the Outside Directors join, plaintiffs' Section 18 claim is barred by the statute of limitations and must be dismissed.

## VII.    THE CAUSE OF ACTION UNDER SECTION 20(A) OF THE EXCHANGE ACT SHOULD BE DISMISSED

Plaintiffs' claim against the Outside Directors under Section 20(a) of the Exchange Act requires plaintiffs to establish (1) a primary violation of the underlying securities law and (2) that the defendant exercised actual power or control over the primary violator.  *Howard v. Everex Sys., Inc.*, 228 F.3d 1057, 1065 (9th Cir. 2000).  In the absence of a sustainable claim for violation of Section 10(b) against allegedly controlled defendants, plaintiffs' claim for secondary liability against the Outside Directors under Section 20(a) also fails.  *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 978 (9th Cir. 1999) (affirming summary judgment rejecting Section 20(a) claims because named defendants were not found to be primary violators of the Exchange Act).  For the reasons set forth in the WaMu Officers' Motion to Dismiss, the Amended Complaint fails to plead a primary violation of Section 10(b) of the Exchange Act and, accordingly, plaintiffs' claim for secondary liability against the Outside Directors should be dismissed.

## VIII.   CONCLUSION

For the reasons set forth above, the Outside Directors respectfully request that plaintiffs' claims against them in the Amended Complaint be dismissed with prejudice.

OUTSIDE DIRECTORS' MOTION TO DISMISS AMENDED
COMPLAINT (No. 09-1756 MJP) [DD-08] - 16

LEGAL17834558.1

Dated:  March 5, 2010

By: *s/Ronald L. Berenstain*
 Ronald L. Berenstain, WSBA #7573
 David F. Taylor, WSBA #25689
 Sean C. Knowles, WSBA #39893
 **PERKINS COIE LLP**
 1201 Third Avenue, Suite 4800
 Seattle, WA 98101-3099
 Phone:    (206) 359-8000
 Fax:       (206) 359-9000
 Email:    rberenstain@perkinscoie.com
              dftaylor@perkinscoie.com
              sknowles@perkinscoie.com

*Attorneys for Defendants Anne V. Farrell, Stephen E. Frank, Thomas C. Leppert, Charles M. Lillis, Phillip D. Mathews, Regina T. Montoya, Michael K. Murphy, Margaret Osmer McQuade, Mary E. Pugh, William G. Reed, Jr., Orin C. Smith, James H. Stever, and Willis B. Wood, Jr.*

OUTSIDE DIRECTORS' MOTION TO DISMISS AMENDED
COMPLAINT (No. 09-1756 MJP) [DD-08] - 17

LEGAL17834558.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

**CERTIFICATE OF SERVICE**

I hereby certify that on March 5, 2010, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses indicated on the Court's Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document via United States first-class mail, postage prepaid, to the non-CM/ECF participants indicated on the Court's Manual Notice List.

DATED at Seattle, Washington, this 5th day of March, 2010.

By: *s/Ronald L. Berenstain*
Ronald L. Berenstain, WSBA #7573
David F. Taylor, WSBA #25689
Sean C. Knowles, WSBA #39893
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone:    (206) 359-8000
Fax:       (206) 359-9000
Email:    rberenstain@perkinscoie.com
             dftaylor@perkinscoie.com
             sknowles@perkinscoie.com

*Attorneys for Defendants Anne V. Farrell, Stephen E. Frank, Thomas C. Leppert, Charles M. Lillis, Phillip D. Matthews, Regina T. Montoya, Michael K. Murphy, Margaret Osmer McQuade, Mary E. Pugh, William G. Reed, Jr., Orin C. Smith, James H. Stever, and Willis B. Wood, Jr.*

OUTSIDE DIRECTORS' MOTION TO DISMISS AMENDED
COMPLAINT (No. 09-1756 MJP) [DD-08] - 18

LEGAL17834558.1