THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE WASHINGTON MUTUAL, INC. SECURITIES, DERIVATIVE & ERISA LITIGATION | No. 2:08-md-1919 MJP<br><br>**REPLY IN SUPPORT OF INITIAL PURCHASER DEFENDANTS' MOTION TO DISMISS**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>Lead Case No. C08-387 MJP |
| IN RE WASHINGTON MUTUAL, INC. SECURITIES LITIGATION | |
| This document relates to:<br><br>*Flaherty & Crumrine Preferred Income Fund Incorporated, et al. v. Killinger, et al.,* No. C09-1756 MJP | |

Gibson, Dunn & Crutcher LLP

REPLY IN SUPPORT OF MOTION TO DISMISS, No. C09-1756 MJP (No. 2:08-md-1919 MJP)

GIBSON, DUNN & CRUTCHER LLP
333 SOUTH GRAND AVENUE
LOS ANGELES, CA 90071-1512
Phone: (213) 229-7000

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
Phone: (206) 623-7580

## TABLE OF CONTENTS

|   |   |   | Page |
|---|---|---|---|
| I. | Introduction | | 1 |
| II. | Argument | | 2 |
| | A. | The AC Fails to Plead a Claim for Negligent Misrepresentation. | 2 |
| | | 1. Negligent Misrepresentation Must Be Pled with Particularity. | 2 |
| | | 2. The Initial Purchasers Made No Representations to Plaintiffs. | 3 |
| | | 3. The Offering Circulars' Notices Negate Liability. | 4 |
| | | 4. The Initial Purchasers Were Not "Without Reasonable Grounds for Believing" the Statements Were True. | 5 |
| | B. | Plaintiffs Fail to Plead a Violation of Cal. Corp. Code §§ 25401 and 25501. | 7 |
| | | 1. The Opposition Relies on Unpled Factual Assertions. | 8 |
| | | 2. The Opposition Fails to Dispute the Factual Allegations that Set Out Goldman Sachs's Reasonable Care Defense. | 10 |
| | C. | Plaintiffs Fail to Allege a Legally Cognizable Economic Loss. | 11 |
| III. | Conclusion | | 12 |

REPLY IN SUPPORT OF MOTION TO DISMISS, No. C09-1756 MJP (No. 2:08-md-1919 MJP) — Page i

GIBSON, DUNN & CRUTCHER LLP
333 SOUTH GRAND AVENUE
LOS ANGELES, CA 90071-1512
Phone: (213) 229-7000

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
Phone: (206) 623-7580

Gibson, Dunn & Crutcher LLP

# TABLE OF AUTHORITIES

Page(s)

### Cases

*Alliance Mortgage Co. v. Rothwell,*
  10 Cal. 4th 1226 (1995) .................................................................................................. 12

*Ashcroft v. Iqbal,*
  566 U.S. __, 129 S. Ct. 1937 (2009) ............................................................................ 8, 10

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007) ......................................................................................................... 2

*Bily v. Arthur Young & Co.,*
  3 Cal. 4th 370 (1992) ....................................................................................................... 5

*Bowden v. Robinson,*
  67 Cal. App. 3d 705 (1977) ............................................................................................ 10

*CAZA Drilling (California), Inc. v. TEG Oil & Gas U.S.A., Inc.,*
  142 Cal. App. 4th 453 (2006) ........................................................................................... 4

*Edelstein v. Ryland Corp.,*
  1997 U.S. App. LEXIS 8123 (9th Cir. 1997) ................................................................... 6

*Eisenbaum v. W. Energy. Res.,*
  218 Cal. App. 3d 314 (1990) .......................................................................................... 10

*Gabriel Capital, L.P. v. NatWest Fin., Inc.,*
  94 F. Supp. 2d 491 (S.D.N.Y. 2000) ................................................................................ 4

*Glenn Holly Entm't Inc. v. Tektronix, Inc.,*
  100 F. Supp. 2d 1086 (C.D. Cal. 1999) ............................................................................ 2

*Hall v. Superior Court of Orange County,*
  150 Cal. App. 3d 411 (1983) .......................................................................................... 10

*Hudson v. Sherwood Sec. Corp.,*
  1987 U.S. Dist. LEXIS 16019 (N.D. Cal. 1987) ........................................................... 8, 9

*IDS Bond Fund, Inc. v. Gleacher NatWest Inc.,*
  2002 U.S. Dist. LEXIS 4073 (D. Minn. Mar. 6, 2002) .................................................... 5

*In re Enron Corp. Sec. Litig.,*
  2005 U.S. Dist. LEXIS 39927 (S.D. Tex. Dec. 5, 2005) ................................................ 11

*In re Levi Strauss & Co. Sec. Litig.,*
  527 F. Supp. 2d 965 (N.D. Cal. 2007) ........................................................................... 11

*In re Nat'l Century Fin. Enters.,*
  541 F. Supp. 2d 986 (S.D. Ohio 2007) ............................................................................. 4

*In re Victor Techs. Sec. Litig.,*
  102 F.R.D. 53 (N.D. Cal. 1984) ................................................................................... 8, 9

*In re Washington Mutual, Inc. Secs. Litig.,*
  259 F.R.D. 490 (W.D. Wash. 2009) ................................................................................. 2

*M&T Bank Corp. v. Gemstone CDO VII, Ltd.,*
  891 N.Y.S. 2d 578 (N.Y. App. Div. 2009) ....................................................................... 5

REPLY IN SUPPORT OF MOTION TO DISMISS, No. C09-1756 MJP (No. 2:08-md-1919 MJP)  Page ii

GIBSON, DUNN & CRUTCHER LLP
333 SOUTH GRAND AVENUE
LOS ANGELES, CA 90071-1512
Phone: (213) 229-7000

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
Phone: (206) 623-7580

Gibson, Dunn & Crutcher LLP

# Table of Contents
## (Continued)

Page

*Meridian Project Sys. v. Hardin Constr. Co.*,
   404 F. Supp. 2d 1214 (E.D. Cal. 2005) .......................................................... 2

*MTC Elec. Techs. Co. v. Leung*,
   876 F. Supp. 1143 (C.D. Cal. 1995) ............................................................... 8

*Nat'l Union Fire Ins. Co. of Pittsburgh, PA. v. Cambridge Integrated Servs. Group, Inc.*,
   171 Cal. App. 4th 226 (2007) ......................................................................... 5

*Nielson v. Union Bank of Cal., N.A.*,
   290 F. Supp. 2d 1101 (C.D. Cal. 2003) ......................................................... 2

*Northwestern Mut. Life Ins. Co. v. Banc of Am. Sec., LLC*,
   254 F. Supp. 2d 390 (S.D.N.Y. 2003) ...................................................... 7, 11

*OCM Principal Opportunities Fund, L.P. v. CIBC World Mkts. Corp.*,
   157 Cal. App. 4th 835 (2007) ......................................................................... 4

*Olenicoff v. UBS AG*,
   2009 U.S. Dist. LEXIS 14056 (C.D. Cal. 2009) ........................................... 8

*Openwave Systems v. Fuld*,
   2009 U.S. Dist. LEXIS 48206 (N.D. Cal. June 6, 2009) ............................... 8

*Parvin v. Davis Oil Co.*,
   524 F.2d 112 (9th Cir. 1975) .......................................................................... 9

*Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*,
   522 F.3d 1049 (9th Cir. 2008) ........................................................................ 3

*Reudy v. Clear Channel Outdoors, Inc.*,
   2007 U.S. Dist. LEXIS 26322 (N.D. Cal. 2007) ........................................... 4

*Schneider v. Cal. Dep't of Corr.*,
   151 F.3d 1194 (9th Cir. 1998) ........................................................................ 9

*Small v. Fritz Cos., Inc.*,
   30 Cal. 4th 167 (2003) .................................................................................... 3

*Tokio Marine & Fire Ins. Co. v. McDonnell Douglas Corp.*,
   617 F.2d 936 (2d Cir. 1980) ........................................................................... 3

*Tunkl v. Regents of Univ. of Cal.*,
   60 Cal. 2d 92 (1963) ....................................................................................... 4

*Weisbuch v. County of Los Angeles*,
   119 F.3d 778 (9th Cir. 1997) ........................................................................ 10

*Wendell v. Johnson & Johnson*,
   2010 U.S. Dist. LEXIS 4188 (N.D. Cal. Jan. 20, 2010) ................................ 3

*Werner v. Knoll*,
   89 Cal. App. 2d 474 (1948) ............................................................................ 3

REPLY IN SUPPORT OF MOTION TO DISMISS, No. C09-1756 MJP (No. 2:08-md-1919 MJP)   Page iii

GIBSON, DUNN & CRUTCHER LLP
333 SOUTH GRAND AVENUE
LOS ANGELES, CA 90071-1512
Phone: (213) 229-7000

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
Phone: (206) 623-7580

Gibson, Dunn & Crutcher LLP

# Table of Contents
## (Continued)

Page

**Statutes**

Cal. Corp. Code § 25008(b) ................................................................................................... 8, 9

Cal. Corp. Code § 25501 ........................................................................................................ 11

**Other Authorities**

6 Witkin, Summary of Cal. Law 8th (1974) ............................................................................ 8

9 Witkin, Summary of Cal. Law 10th (2005) .......................................................................... 8

Keith Paul Bishop,
  *California's Blue Sky Law Problems for Foreign Issues and Foreign Issuers*,
  Insights, July 2009 ............................................................................................................... 9

REPLY IN SUPPORT OF MOTION TO DISMISS, No. C09-1756 MJP (No. 2:08-md-1919 MJP)   Page iv

GIBSON, DUNN & CRUTCHER LLP
333 SOUTH GRAND AVENUE
LOS ANGELES, CA 90071-1512
Phone: (213) 229-7000

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
Phone: (206) 623-7580

Gibson, Dunn & Crutcher LLP

Goldman, Sachs & Co. ("Goldman Sachs"), Credit Suisse Securities (USA) LLC, and Morgan Stanley & Co. Incorporated (the "Initial Purchasers") submit this Reply Memorandum in support of their Motion to Dismiss the Amended Complaint ("AC"):

## I. Introduction

In their Opposition, Plaintiffs agree voluntarily to dismiss rather than defend all but two of their claims against the Initial Purchasers (Plaintiffs' Consolidated Opposition ("Opp.") at 1 n.2). As to the remaining two claims, for negligent misrepresentation and for violations of Cal. Corp. Code §§ 25401 and 25501, the Opposition fails to point to any facts actually pled in the AC that satisfy the required elements of those claims. Instead, the Opposition improperly relies upon extrinsic, unalleged "facts" to avoid dismissal—reliance that is procedurally improper and ultimately futile, as the "facts" do not satisfy the heightened pleading requirements under the Federal Rules or applicable state law.

Out of forty-seven pages of briefing, the Opposition devotes fewer than four pages to Plaintiffs' negligent misrepresentation claim against the Initial Purchasers. Nowhere in their abbreviated defense of that claim do these paradigmatically institutional Plaintiffs satisfactorily answer the fundamental question of how the Initial Purchasers assume legal responsibility for statements made *by the issuer* of the securities. And even if a defendant could be liable for negligent misrepresentation where no misrepresentation was attributable to it (which it cannot), Plaintiffs still have not adequately explained the basis for the claim that the Initial Purchasers had no reasonable grounds for believing the statements in the Offering Circulars were true. These Plaintiffs were sophisticated investors purchasing unregistered securities in an exempt offering, proclaim their expertise as to such instruments on their own website, and were specifically told that the Initial Purchasers (as distinct from the issuer) were not making any representations. Accordingly, as to the Initial Purchasers, Plaintiffs have not properly alleged a state law claim for negligent misrepresentation.

The Opposition to the Initial Purchasers' motion to dismiss the claim under Cal. Corp. Code §§ 25401/25501 (which is only against Goldman Sachs) is equally thin. Try as Plaintiffs might to obfuscate the facts, the Opposition does not point to any *allegation*

Gibson, Dunn & Crutcher LLP

REPLY IN SUPPORT OF MOTION TO DISMISS, No. C09-1756 MJP (No. 2:08-md-1919 MJP)    Page 1

GIBSON, DUNN & CRUTCHER LLP
333 SOUTH GRAND AVENUE
LOS ANGELES, CA 90071-1512
Phone: (213) 229-7000

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
Phone: (206) 623-7580

demonstrating the requisite nexus with California. Indeed, the commentary Plaintiffs cite *supports* the Initial Purchasers' argument that Plaintiffs' location is irrelevant to whether an offer or sale took place in California. Moreover, because the Opposition presents no authority supporting an abstract legal duty to investigate, and the AC admitted that Goldman Sachs was not aware of the alleged misrepresentations, the AC on its face establishes Goldman Sachs's complete affirmative defense to the California Corporations Code claims.

Finally, the Opposition essentially concedes that the AC does not plead economic loss, and its reliance on extrinsic facts not included in the AC must be rejected as a matter of law.

## II. Argument

### A. The AC Fails to Plead a Claim for Negligent Misrepresentation.

#### 1. Negligent Misrepresentation Must Be Pled with Particularity.

Contrary to a long line of federal cases in this Circuit, Plaintiffs argue that negligent misrepresentation is not subject to the particularity requirements of Fed. R. Civ. P. 9(b). However, "it is well-settled in the Ninth Circuit that misrepresentation claims are a species of fraud, which must meet Rule 9(b)'s particularity requirement." *Meridian Project Sys. v. Hardin Constr. Co.*, 404 F. Supp. 2d 1214, 1219 (E.D. Cal. 2005).[1] Even if the Court were to find that Plaintiffs need only meet Rule 8's pleading standard, Plaintiffs still must allege "enough facts to state a claim to relief that is *plausible on its face.*" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (emphasis added). However, as discussed below, the Opposition does not present a *plausible basis* to infer that the Initial Purchasers had no reasonable grounds for believing the alleged misstatements to be true.

Nor can Plaintiffs avoid the heightened pleading standard of Rule 9(b) by arguing that scienter may be averred generally. The negligent misrepresentation claim requires that Initial Purchasers "had no reasonable ground for believing the alleged misstatements to be true," and

---

[1] See also *Nielson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003); *Glenn Holly Entm't Inc. v. Tektronix, Inc.*, 100 F. Supp. 2d 1086, 1093 (C.D. Cal. 1999). For their argument that negligent misrepresentation need only meet the strictures of Rule 8, Plaintiffs cite this Court's opinion in *In re Washington Mutual, Inc. Secs. Litig.*, 259 F.R.D. 490, 504 (W.D. Wash. 2009). That decision, however, involved Section 11 of the Securities Act, not a California state law claim for negligent misrepresentation. *Id.*

Gibson, Dunn & Crutcher LLP

REPLY IN SUPPORT OF MOTION TO DISMISS, No. C09-1756 MJP (No. 2:08-md-1919 MJP)  Page 2

GIBSON, DUNN & CRUTCHER LLP
333 SOUTH GRAND AVENUE
LOS ANGELES, CA 90071-1512
Phone: (213) 229-7000

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
Phone: (206) 623-7580

that element is required to establish a *duty of disclosure*, not "scienter."[2] The "no reasonable ground" element limits liability to circumstances where a defendant had a duty to investigate further, but failed to do so. The cause of action turns on *duty*, not knowledge.

### 2. The Initial Purchasers Made No Representations to Plaintiffs.

Fundamentally, there can be no claim for negligent misrepresentation in the absence of a representation. The Offering Circulars upon which the Plaintiffs base their claims are statements made by Washington Mutual, Inc. and affiliated entities ("WaMu") and which explicitly identify WaMu as the source of the information contained therein. They state in part: "*nothing contained in this offering circular is, or shall be relied upon as, a promise or representation by the Initial Purchasers*." Request for Judicial Notice ("RJN") Ex. A at i, Ex. B at i (emphasis added). As sophisticated institutional investors, Plaintiffs cannot (and do not) argue that they did not understand the Offering Circulars' terms.

Instead, the Opposition argues, incorrectly, that Cal. Civ. Code § 1668 vitiates the notices in the Offering Circulars. Section 1668 provides that "[a]ll contracts which have for their object, directly or indirectly, to exempt anyone from responsibility for his own fraud, or willful injury to the person or property of another, or violation of law, whether willful or negligent, are against the policy of law." But the statute is primarily concerned with *willful* acts, and the case law makes clear that "*contracts seeking to relieve individuals from the results of their own negligence are not invalid.*" *Werner v. Knoll*, 89 Cal. App. 2d 474, 475-76 (1948) (emphasis added). "Where there has been no violation of law, negligent misrepresentations in a commercial transaction such as that involved herein do not fall within the provisions of §1668." *Tokio Marine & Fire Ins. Co. v. McDonnell Douglas Corp.*, 617 F.2d 936, 940 (2d Cir. 1980). Here, the Offering Circulars themselves made clear that WaMu

---

[2] "A claim for negligent misrepresentation *does not require scienter or intent to defraud*; rather, to establish fraud through non-disclosure or concealment of facts, it is necessary to show that the defendant 'was under a legal duty to disclose them.'" *Wendell v. Johnson & Johnson*, 2010 U.S. Dist. LEXIS 4188, at *11 (N.D. Cal. Jan. 20, 2010) (emphasis added). Plaintiffs' argument that *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049 (9th Cir. 2008), describes this element as a scienter requirement is simply inaccurate. *Id.* at 1055; *see also Small v. Fritz Cos., Inc.*, 30 Cal. 4th 167, 173-74 (2003).

Gibson, Dunn & Crutcher LLP

REPLY IN SUPPORT OF MOTION TO DISMISS, No. C09-1756 MJP (No. 2:08-md-1919 MJP) Page 3

GIBSON, DUNN & CRUTCHER LLP
333 SOUTH GRAND AVENUE
LOS ANGELES, CA 90071-1512
Phone: (213) 229-7000

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
Phone: (206) 623-7580

was the source of the information in the Offering Circulars, and that investors should *not* rely on the Initial Purchasers in evaluating such information—exactly the kind of allocation of risk among sophisticated parties that section 1668 permits. Such provisions are not against the public interest because Plaintiffs can (as they have here) sue those who provided the information alleged to be misleading. *Tunkl v. Regents of Univ. of Cal.*, 60 Cal. 2d 92, 95-96 (1963); *CAZA Drilling (California), Inc. v. TEG Oil & Gas U.S.A., Inc.*, 142 Cal. App. 4th 453, 468-69 (2006); *Reudy v. Clear Channel Outdoors, Inc.*, 2007 U.S. Dist. LEXIS 26322, at *34-35 (N.D. Cal. 2007). And regardless of Plaintiffs' vitiation theory, the AC does not (and could not subject to Rule 11) allege that the Initial Purchasers, rather than WaMu, were the information source.

Finally, Plaintiffs' reliance on Cal. Corp. Code § 25701 is misplaced. On its face, that statute applies to violations of the California securities laws, not common law claims. And, as discussed above, the notices do not require purchasers to waive compliance with any provision of the California securities laws.

### 3. The Offering Circulars' Notices Negate Liability.

The Opposition cites no law invalidating notices limiting any initial purchaser's responsibility for ***negligent*** misrepresentation in a Rule 144A offering, such as the notices appearing in the Offering Circulars here. Although the AC emphasized that "Plaintiffs do ***not*** allege the Initial Purchasers [sic] Defendants were knowing participants in the fraudulent scheme perpetrated by the Officer Defendants" (AC ¶ 50), the only cases Plaintiffs cite for the proposition that liability cannot be limited involved allegations that defendants ***knowingly*** provided false or misleading information.[3] *See OCM Principal Opportunities Fund, L.P. v. CIBC World Mkts. Corp.*, 157 Cal. App. 4th 835, 861 (2007) ("Initial purchasers…share this duty to disclose when they are aware of the information."); *In re Nat'l Century Fin. Enters.*, 541 F. Supp. 2d 986, 1002 (S.D. Ohio 2007); *Gabriel Capital, L.P. v. NatWest Fin., Inc.*, 94

---

[3] There are additional bases for distinguishing the cases Plaintiffs cite. For example, the *OCM* court determined that the offering notices in that case were self-contradictory, and a provision that indicated the purchaser could rely only on the offering memorandum defeated defendants' reasonable reliance argument. *OCM*, 157 Cal. App. 4th at 867-68.

Gibson, Dunn & Crutcher LLP

REPLY IN SUPPORT OF MOTION TO DISMISS, No. C09-1756 MJP (No. 2:08-md-1919 MJP)   Page 4

GIBSON, DUNN & CRUTCHER LLP
333 SOUTH GRAND AVENUE
LOS ANGELES, CA 90071-1512
Phone: (213) 229-7000

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
Phone: (206) 623-7580

F. Supp. 2d 491, 505 (S.D.N.Y. 2000) (*related proceedings at IDS Bond Fund, Inc. v. Gleacher NatWest Inc.*, 2002 U.S. Dist. LEXIS 4073, at *9 (D. Minn. Mar. 6, 2002)).

The issue here is not whether the notices in the Offering Circulars would absolve the Initial Purchasers of liability for *the intentional concealment of material facts of which they were aware*. Plaintiffs here admit that the Initial Purchasers *did not act with knowledge* (AC ¶ 50),[4] and therefore the notices in the Offering Circulars are valid. *See M&T Bank Corp. v. Gemstone CDO VII, Ltd.*, 891 N.Y.S. 2d 578, 581 (N.Y. App. Div. 2009); *Northwestern Mut. Life Ins. Co. v. Banc of Am. Sec., LLC*, 254 F. Supp. 2d 390, 401-02 (S.D.N.Y. 2003);[5] *Bily v. Arthur Young & Co.*, 3 Cal. 4th 370, 402-03 (1992). Allowing Plaintiffs, who are Qualified Institutional Buyers, to hold Initial Purchasers liable in these circumstances would be inconsistent with the traditional operation of Rule 144A exempted offerings, and would contravene the statutory scheme established for such offerings. *See, e.g., Northwestern Mut. Life*, 254 F. Supp. 2d at 401 ("In this heavily regulated area of law, there is no basis to create a new common law duty.").

### 4. The Initial Purchasers Were Not "Without Reasonable Grounds for Believing" the Statements Were True.

Beyond its failure to demonstrate any representation by the Initial Purchasers, the Opposition does not explain how they should have discovered the purported misstatements in the Offering Circulars at issue in this case. *See* Initial Purchasers' Motion to Dismiss ("Mot.") at 14-16. When challenged to identify factual allegations sufficient to infer that the Initial Purchasers were "without reasonable grounds for believing [the alleged misstatements] to be true" (*Nat'l Union Fire Ins. Co. of Pittsburgh, PA. v. Cambridge Integrated Servs.*

---

[4] Plaintiffs apparently forget this admission and argue that "the Initial Purchaser Defendants either knew or were reckless in not knowing that the Offering Circular was false and misleading." Opp. at 11. Plaintiffs cannot disclaim any allegation of knowledge to evade Rule 9(b) but then contradict themselves to attempt to state a plausible basis for their claims.

[5] Plaintiffs attempt to distinguish *M&T Bank* and *Northwestern*, because they interpret negligent misrepresentation claims (or their corollaries) under the common law of other states. California courts have not squarely addressed the effect of disclaimers in the Rule 144A context. As Plaintiffs concede by citing a case involving Minnesota state law claims (Opp. at 41), analogous cases outside California are persuasive authority.

Gibson, Dunn & Crutcher LLP

REPLY IN SUPPORT OF MOTION TO DISMISS, No. C09-1756 MJP (No. 2:08-md-1919 MJP)  Page 5

GIBSON, DUNN & CRUTCHER LLP
333 SOUTH GRAND AVENUE
LOS ANGELES, CA 90071-1512
Phone: (213) 229-7000

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
Phone: (206) 623-7580

*Group, Inc.*, 171 Cal. App. 4th 35, 50 (2007)), Plaintiffs merely list three irrelevant sets of allegations without any explanation or analysis. Opp. at 43.

*First*, the Opposition purports to rely on allegations that WaMu conducted internal quality control analyses of its mortgage loans. Those allegations are inapposite, however, because Plaintiffs do not allege that these analyses would have revealed the alleged misstatements. AC ¶¶ 101-106. Even if the Initial Purchasers were required to review this granular level of information in connection with the private placements at issue here—which they were not—the AC does not plead that those analyses would have revealed "the truth."[6]

*Second*, in an attempt to establish that the Initial Purchasers had no reasonable grounds for believing WaMu's statements to be true, the Opposition strains to supply the missing facts by relying upon amorphous allegations concerning the Initial Purchasers' underwriting activities in *unrelated* offerings of WaMu securities in which Plaintiffs *did not transact*. AC ¶ 123. These allegations are irrelevant, because (1) alleged negligence in connection with a *separate* offering in which Plaintiffs did not participate provides no basis for a claim of negligence here, and (2) Plaintiffs do not allege that the diligence done in other public offerings revealed any misstatements or omissions in the 2006 or 2007 offering circulars. Mot. at 10. In fact, the Opposition *does not even identify* the other offerings that Initial Purchasers allegedly underwrote, or their relevance to the offering circulars at issue here.

*Third*, the Opposition does not and cannot explain the relevance of the AC's allegations that Goldman Sachs's institutional views and risk management actions as to the subprime market as a whole would have revealed to it that specific statements by WaMu in the Offering Circulars were materially false or misleading.[7] Opp. at 17-18. The AC identifies

---

[6] For an extended discussion of the inadequacy of the alleged facts, to which Plaintiffs have not responded, *see* Mot. at 9-11. Plaintiffs' argument that this element is reserved for a jury ignores the requirement that all elements be pled. *Edelstein v. Ryland Corp.*, 1997 U.S. App. LEXIS 8123 (9th Cir. 1997), did not consider a complaint's sufficiency at the pleading stage.

[7] Plaintiffs attempt to expand the AC's factual allegations on this topic to include all Initial Purchasers (Opp. at 43), but plead nothing regarding the market views of Credit Suisse and Morgan Stanley. AC ¶¶ 126-141. Nor do Plaintiffs attempt to defend their allegations regarding Goldman Sachs's trading and risk management strategies. *See* Mot. at 11.

Gibson, Dunn & Crutcher LLP

REPLY IN SUPPORT OF MOTION TO DISMISS, No. C09-1756 MJP (No. 2:08-md-1919 MJP)   Page 6

GIBSON, DUNN & CRUTCHER LLP
333 SOUTH GRAND AVENUE
LOS ANGELES, CA 90071-1512
Phone: (213) 229-7000

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
Phone: (206) 623-7580

seven categories of allegedly misleading statements (AC ¶ 118), and none of them involves the macro-level risks inherent in mortgage-backed securities or assessments of market direction or nationwide housing trends. Goldman Sachs's supposed generalized institutional views and investment strategy across the overall housing sector are wholly irrelevant to whether it "should have known" that WaMu's lending standards were not as disclosed.[8] *Id.*

Moreover, the Initial Purchasers owed no duty to investigate the underlying business operations in connection with a private offering of an unregistered security. *Northwestern Mut. Life*, 254 F. Supp. 2d at 401. Even if this had been a registered offering in which they had acted as statutory underwriters (which is not the case here), an underwriter's failure to conduct due diligence would not support an affirmative cause of action, but would merely preclude a potential affirmative defense to the statutory cause of action under Section 11 of the Securities Act. *Id.* ("Due diligence is a defense to an underwriter's liability rather than an obligation owed to purchasers."). Plaintiffs have not and cannot provide *any authority* to refute *Northwestern* or to support their claim that Initial Purchasers were *obligated* to do any investigation. Instead, Plaintiffs rely on a law firm's marketing publication on private placements (*see* Thorpe Decl. Ex. C), and a treatise wholly dedicated to the due diligence requirements for *registered* securities, which concedes that "[a] due diligence investigation may not literally be a statutory requirement in some cases" (*see id.* Ex. B at 2-1). Neither of these sources identifies any basis in law for imposing any duty of due diligence on initial purchasers in Rule 144A transactions or creating a private right of action by investors in the absence of such an investigation.

### B.    Plaintiffs Fail to Plead a Violation of Cal. Corp. Code §§ 25401 and 25501.

The Opposition incorrectly argues that Rule 9(b) does not apply to the Corporations Code claim against Goldman Sachs. Opp. at 28. However, the case law is clear that Sections 25401 and 25501 create a cause of action based on fraud or misrepresentation and, thus, must

---

[8] Indeed, the risks of mortgage-backed securities could not form the basis of a negligent misrepresentation claim because they were disclosed in the offering circulars. RJN Ex. A at 25, 100, Ex. B at 31-32, 34, 132.

Gibson, Dunn & Crutcher LLP

REPLY IN SUPPORT OF MOTION TO DISMISS, No. C09-1756 MJP (No. 2:08-md-1919 MJP)   Page 7

GIBSON, DUNN & CRUTCHER LLP
333 SOUTH GRAND AVENUE
LOS ANGELES, CA 90071-1512
Phone: (213) 229-7000

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
Phone: (206) 623-7580

be pled with particularity.[9] Indeed, a fair reading of the AC, including its exhibits and material incorporated by reference, reveals that Plaintiffs have not even satisfied Rule 8's plausibility requirement. *See Ashcroft v. Iqbal*, 566 U.S. __, 129 S. Ct. 1937, 1950 (2009).

### 1. The Opposition Relies on Unpled Factual Assertions.

The Opposition does not identify alleged facts that establish the requisite nexus to California to support its section 25401 claim, but instead makes additional factual representations in a misplaced attempt to remedy the AC's failure through argument.

Plaintiffs concede that section 25401 applies only to securities that were offered or sold "in this state." Opp. at 27. "An offer to sell…is made in this state when the offer either originates from this state or is directed by the offeror to this state and received at the place to which it is directed." Cal. Corp. Code § 25008(b); *Hudson v. Sherwood Sec. Corp.*, 1987 U.S. Dist. LEXIS 16019, at *17 (N.D. Cal. 1987) (quoting 6 Witkin, Summary of Cal. Law 8th (1974)); *In re Victor Techs. Sec. Litig.*, 102 F.R.D. 53, 60 (N.D. Cal. 1984); 9 Witkin, Summary of Cal. Law 10th (2005) § 411, p. 1151. By alleging only in conclusory fashion that Plaintiffs "purchased the 2006 and 2007 Preferred Trust Securities in California," and that "Defendants prepared and issued false and misleading statements transmitted in California," Plaintiffs have not satisfied this jurisdictional hurdle. AC ¶¶ 24, 282.

*First*, Plaintiffs argue that the Trust Securities were purchased and paid for from Flaherty & Crumrine Inc.'s California headquarters. Opp. at 28-29. This factual allegation is asserted for the first time in Plaintiffs' Opposition. The AC describes Flaherty & Crumrine Inc. as a "non-party", and it is not alleged to have purchased securities from Goldman Sachs on its own or on behalf of Plaintiffs. AC ¶ 24. In fact, the AC specifically alleges that "Plaintiffs…made investment decisions and purchased" the trust securities. *Id*. Plaintiffs

---

[9] *MTC Elec. Techs. Co. v. Leung*, 876 F. Supp. 1143, 1147 (C.D. Cal. 1995); *see also La v. Allen*, 2009 U.S. Dist. LEXIS 48198 (N.D. Cal. 2009); *Olenicoff v. UBS AG*, 2009 U.S. Dist. LEXIS 14056, at *18 (C.D. Cal. 2009). Although Plaintiffs cite *Openwave Systems v. Fuld*, 2009 U.S. Dist. LEXIS 48206, at *12 (N.D. Cal. June 6, 2009), to argue that "Sections 25401/25501 claims are based in negligence, not fraud, and therefore need not comply with Rule 9(b)" (Opp. at 28), that opinion cites no case law for that proposition and fails to consider contrary controlling authority.

REPLY IN SUPPORT OF MOTION TO DISMISS, No. C09-1756 MJP (No. 2:08-md-1919 MJP)   Page 8

GIBSON, DUNN & CRUTCHER LLP
333 SOUTH GRAND AVENUE
LOS ANGELES, CA 90071-1512
Phone: (213) 229-7000

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
Phone: (206) 623-7580

Gibson, Dunn & Crutcher LLP

cannot contradict their AC by adding additional factual arguments in opposition to the motion to dismiss. *See Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

Even if this fact had been pled in the AC—which it was not—it is insufficient to establish a nexus between the offering circulars and the state of California. Cal. Corp. Code § 25008(b); *Hudson*, 1987 U.S. Dist. LEXIS 16019, at *17. When determining whether an offer to sell is "accepted in this state," the inquiry focuses on the location of Goldman Sachs (the offeror) when the acceptance is communicated—not the location of Plaintiffs. Cal. Corp. Code § 25008(b); see also Keith Paul Bishop, *California's Blue Sky Law Problems for Foreign Issues and Foreign Issuers*, Insights, July 2009 (Thorpe Decl., Ex. A), at 37 n.34 ("[W]hether an offer to sell has been accepted in California ***is not relevant*** to determining whether an offer or sale of a security has been made in California."). Plaintiffs must allege that their acceptance was directed at and received by Goldman Sachs in California. They do not and could not make such a claim. *See* RJN Exs. A at i; B at i.

Moreover, the authority Plaintiffs cite does not hold that communications would be subject to section 24501 if the security were purchased in California. *Parvin v. Davis Oil Co.*, 524 F.2d 112 (9th Cir. 1975), did not involve an interpretation of either section 25401 or 25008, but rather the 1949 version of the California Securities Law. *Id.* at 117. Although that court did not apply section 25008, this factual circumstance clearly fulfills the requirement that the challenged communication be directed to California and received at the place to which it is directed. *In re Victor Techs. Sec. Litig.*, 102 F.R.D. 53 (N.D. Cal. 1984), is likewise inapposite. In that case, the offering materials emanated from California. *Id.* at 60.

*Second*, Plaintiffs argue that "Goldman Sachs' communications were directed to F&C through Flaherty & Crumrine, Inc.'s headquarters and principal place of business in Pasadena, California," which was not pled in the AC.[10] Opp. at 30. Notably, the Plaintiffs are alleged to be incorporated in Maryland and Alberta, Canada, not California. AC ¶ 24. And the only

---

[10] Plaintiffs argue falsely that Goldman Sachs conceded that the offering circulars were directed to California. Opp. at 30. In fact, Goldman Sachs argued that "Plaintiffs must—***but do not***—plead that the offering circulars were…directed to Plaintiffs in California." Mot. at 18.

Gibson, Dunn & Crutcher LLP

REPLY IN SUPPORT OF MOTION TO DISMISS, No. C09-1756 MJP (No. 2:08-md-1919 MJP) Page 9

GIBSON, DUNN & CRUTCHER LLP
333 SOUTH GRAND AVENUE
LOS ANGELES, CA 90071-1512
Phone: (213) 229-7000

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
Phone: (206) 623-7580

Case 2:09-cv-01756-MJP   Document 84   Filed 04/30/10   Page 15 of 18

specific facts in the AC pleading the mechanism by which the securities were issued, purchased, and delivered, state that event took place in New York. *Compare* RJN Exs. A and B, *with* AC ¶¶ 4, 20, 22, 24, 115, 282.

The Opposition's argument that Goldman Sachs cannot "avoid the reach of California's securities laws" by closing a deal in New York (Opp. at 31) misses the point: Plaintiffs have not pled *facts* in the first place that create an inference that the offer or sale took place in California that is more plausible than the competing inference that the sale took place in New York. The vague and conclusory allegation that "Plaintiffs…purchased the 2006 and 2007 Preferred Trust Securities in California" (AC ¶ 24), is not more plausible than the detailed statement regarding the closing specified in the offering circulars.[11] AC, Ex. A at 1. Nor does the conclusory allegation that "Defendants prepared and issued false and misleading statements transmitted in California" assist Plaintiffs. AC ¶ 282. It is not clear whether this allegation even refers to the offering circulars or some other allegedly misleading statement by WaMu that was incorporated by reference into the offering circulars. These bare allegations cannot satisfy even Rule 8(a). *Iqbal*, 129 S. Ct. at 1950.

### 2. The Opposition Fails to Dispute the Factual Allegations that Set Out Goldman Sachs's Reasonable Care Defense.

Contrary to the Opposition's argument, Plaintiffs' claim may be dismissed based on an affirmative defense where the allegations of the complaint establish the defense. *See, e.g., Weisbuch v. County of Los Angeles*, 119 F.3d 778, 783 (9th Cir. 1997). California law negates liability if "the defendant exercised reasonable care and did not know (or if he had exercised reasonable care would not have known) of the untruth or omission." Cal. Corp. Code § 25501; *Bowden v. Robinson*, 67 Cal. App. 3d 705, 715 (1977). The Opposition does not dispute that the AC *affirmatively alleged* that Goldman Sachs had no knowledge of any alleged misrepresentation (AC ¶ 50) and that Goldman Sachs exercised reasonable care as a

---

[11] The cases cited in the Opposition are irrelevant because they involved specific factual allegations that an offer was both directed to and received by the plaintiff in California. *Eisenbaum v. W. Energy. Res.*, 218 Cal. App. 3d 314, 319 (1990); *Hall v. Superior Court of Orange County*, 150 Cal. App. 3d 411, 414 (1983).

Gibson, Dunn & Crutcher LLP

REPLY IN SUPPORT OF MOTION TO DISMISS, No. C09-1756 MJP (No. 2:08-md-1919 MJP) Page 10

GIBSON, DUNN & CRUTCHER LLP
333 SOUTH GRAND AVENUE
LOS ANGELES, CA 90071-1512
Phone: (213) 229-7000

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
Phone: (206) 623-7580

matter of law, because: (1) Goldman Sachs was an Initial Purchaser, not an underwriter, in a private Rule 144A offering (AC ¶¶ 1, 47), and (2) Goldman Sachs explicitly disclaimed any "representation or warranty, express or implied, as to the accuracy or completeness" of the information in the offering circulars. RJN Exs. A at i; B at i.

The Opposition argues that the AC does not allege that Goldman Sachs necessarily "exercised reasonable care," by implying that California securities law imposes a duty to investigate on Goldman Sachs, but it offers no basis in law for that assertion.[12]  Opp. at 32-33. Plaintiffs admit that the duty of reasonable care "is substantially taken from Section 12(a)(2) of the Federal Securities Act of 1933" (Opp. at 32), yet there can be no argument that initial purchasers in a Rule 144A exempt transaction *would have liability under Section 12(a)(2)*. *In re Levi Strauss & Co. Sec. Litig.*, 527 F. Supp. 2d 965, 981-82 (N.D. Cal. 2007). Plaintiffs cite no case law or statute that obligates Goldman Sachs to conduct an investigation to determine the accuracy and completeness of information provided by the issuer (and labeled as such) or otherwise to disclose alleged facts of which *Plaintiffs concede Goldman Sachs had no knowledge*. *Northwestern Mut. Life*, 254 F. Supp. 2d at 401.

The Opposition also asserts that Goldman Sachs was "in a position to observe blatant 'red flags'" that should have led it to the alleged fraud (Opp. at 34), but relies on conclusory allegations of negligence in connection with the offering of other WaMu securities and general macro-level views about the residential home loan industry. The AC does not recount any "red flag" that should have led the Initial Purchasers to investigate WaMu or the private placements at issue here. AC ¶¶ 115-42. In this factual and statutory context, Goldman Sachs's affirmative defense of reasonable care is set out on the face of the AC.

C. **Plaintiffs Fail to Allege a Legally Cognizable Economic Loss.**

The Opposition relies on extrinsic unpled facts, conceding that the allegations in the AC themselves are insufficient to demonstrate an economic loss. But none of these new

---

[12] Although Plaintiffs suggest that *In re Enron Corp. Sec. Litig.*, 2005 U.S. Dist. LEXIS 39927 (S.D. Tex. Dec. 5, 2005), holds that underwriters must investigate management statements, the case concerns registered securities in a public offering. *Id.* at *82-83.

Gibson, Dunn & Crutcher LLP

REPLY IN SUPPORT OF MOTION TO DISMISS, No. C09-1756 MJP (No. 2:08-md-1919 MJP) Page 11

GIBSON, DUNN & CRUTCHER LLP
333 SOUTH GRAND AVENUE
LOS ANGELES, CA 90071-1512
Phone: (213) 229-7000

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
Phone: (206) 623-7580

assertions alters the basic fact that this case involves the private placement of asset-backed securities, *not* common stock traded in an efficient market. It is well-settled that in order to plead a negligent misrepresentation claim sufficiently, a plaintiff must allege *actual* economic loss, not some theoretical loss in value. *See Alliance Mortgage Co. v. Rothwell*, 10 Cal. 4th 1226, 1239-40 (1995). Here, having purchased asset-backed securities in a private transaction, Plaintiffs simply have not pled that they did not receive the benefit of their bargain in purchasing these securities. *See* AC ¶¶ 241-42.

The Preferred Trust Securities entitled Plaintiffs to distribution payments, but did not anticipate further market trading. RJN Exs. A at 20-21, 59-60; B at 24, 87-88. Plaintiffs have not pled that they have suffered any loss of income from their securities. Thus, the Court cannot determine from the face of the AC that the value of those payments does not exceed the purchase price of the security less any current value. Moreover, the exchange of the Trust Securities into preferred stock (AC ¶ 16) in and of itself does not support the argument that Plaintiffs have pled an economic loss, as there is no allegation in the AC that these securities are now "worthless"—that is simply an adjective Plaintiffs utter in their Opposition. Opp. n.25. Moreover, Plaintiffs cannot complain about the fact of the exchange of Trust Securities into common stock, as the offering documents specifically set out the circumstances under which an exchange might occur. RJN Ex. A at 11-12, 63-65; Ex. B at 15, 91-92.

### III. Conclusion

For the foregoing reasons, the Court should dismiss the AC with prejudice.

DATED: April 30, 2010

GIBSON, DUNN & CRUTCHER LLP
Jonathan C. Dickey
(jdickey@gibsondunn.com)
200 Park Avenue
New York, NY 10166-0193
Phone: (212) 351-2400

Admitted *pro hac vice*

K & L GATES LLP

By: /s/Paul J. Lawrence
Paul J. Lawrence (WSBA No. 13557)
*paul.lawrence@klgates.com*
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
Phone: (206) 623-7580

Attorneys for Defendants Goldman, Sachs & Co., Credit Suisse Securities (USA) LLC, and Morgan Stanley & Co. Incorporated

100855479_4.DOC

Gibson, Dunn & Crutcher LLP

REPLY IN SUPPORT OF MOTION TO DISMISS, No. C09-1756 MJP
(No. 2:08-md-1919 MJP)   Page 12

GIBSON, DUNN & CRUTCHER LLP
333 SOUTH GRAND AVENUE
LOS ANGELES, CA 90071-1512
Phone: (213) 229-7000

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
Phone: (206) 623-7580

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record:

Dated this 30th day of April, 2010.

_____
Dawn M Taylor, Legal Assistant

CERTIFICATE OF SERVICE - 1
Case No. 2:08-md-1919 MJP; C08-387 MJP

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022