The Honorable Marsha J. Pechman

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| IN RE WASHINGTON MUTUAL, INC. SECURITIES, DERIVATIVE & ERISA LITIGATION | No. 2:08-md-1919 MJP |
| FLAHERTY & CRUMLINE PREFERRED INCOME FUND, INCORPORATED, et al.<br><br>-v.-<br><br>KERRY KILLINGER, et al. | No. C09-1756 MJP<br><br>**REPLY IN SUPPORT OF WAMU OFFICERS' MOTION TO DISMISS AMENDED COMPLAINT**<br><br>NOTE ON MOTION CALENDAR: April 30, 2010<br><br>[OD-10]<br><br>**ORAL ARGUMENT REQUESTED** |

WAMU OFFICERS' REPLY IN SUPPORT OF MOTION TO DISMISS [OD-10]
Case No. 2:08-md-01919-MJP
Case No. C09-1756-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
-and-
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax: (206) 757-7700

# TABLE OF CONTENTS

**Page**

INTRODUCTION ...........................................................................................................................1

ARGUMENT ..................................................................................................................................3

    A.    The Court Should Dismiss Plaintiffs' Fraud, Negligent Misrepresentation, and Section 10(b) Claims for Failure to Plead Reliance ..........................................3

        1.    Plaintiffs Fail to Allege Reliance on the Offering Circulars and Other Documents ......................................................................................................3

        2.    Plaintiffs Do Not Claim to Have Heard or Relied Upon the WaMu Officers' Alleged Oral Misrepresentations ........................................................5

    B.    The Court Should Dismiss the Claims under California Corporations Code Sections 25400 and 25500 Because Plaintiffs Do Not Allege That the WaMu Officers Sold or Offered to Sell the Preferred Trust Securities ...............5

    C.    Plaintiffs Have Failed to State a Claim Against the WaMu Officers Under California Corporations Code Section 25504.1 .......................................................7

    D.    The One-Year Statute of Limitations Bars Plaintiffs' Section 18 Claims .................7

CONCLUSION ................................................................................................................................9

WAMU OFFICERS' REPLY IN
SUPPORT OF MOTION TO DISMISS
[OD-10] – Page i
Case No. 2:08-md-01919-MJP
Case No. C09-1756-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
-and-
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax:  (206) 757-7700

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Binder v. Gillespie*,
  184 F.3d 1059 (9th Cir. 1999) ............................................................................................ 4, 5

*Delta Savings Bank v. United States*,
  265 F.3d 1017 (9th Cir. 2001) ................................................................................................ 4

*Freeman v. Laventhol & Horwath*,
  915 F.2d 193 (6th Cir. 1990) .................................................................................................. 5

*Gawara v. United States Brass Corp.*,
  63 Cal. App. 4th 1341 (4th Dist. 1998) .................................................................................. 4

*In re 3Com Securities Litigation*,
  761 F. Supp. 1411 (N.D. Cal. 1990) ....................................................................................... 5

*In re Alstom SA Securities Litigation*,
  406 F. Supp. 2d 402 (S.D.N.Y. 2005) .................................................................................... 8

*In re Enron Corp. Securities, Derivative & "ERISA" Litigation*,
  465 F. Supp. 2d 687 (S.D. Tex. 2006) .................................................................................... 8

*In re Federal National Mortgage Ass'n Securities, Derivative, and "ERISA" Litigation*,
  503 F. Supp. 2d 25 (D.D.C. 2007) .......................................................................................... 8

*In re GlenFed, Inc. Securities Litigation*,
  60 F.3d 591 (9th Cir. 1995) .................................................................................................... 5

*In re Hollinger International, Inc. Securities Litigation*,
  2006 WL 1806382 (N.D. Ill. 2006) ........................................................................................ 8

*In re MDC Holdings Securities Litigation*,
  754 F. Supp. 785 (S.D. Cal. 1990) ......................................................................................... 5

*In re Pfizer Inc. Securities Litigation*,
  584 F. Supp. 2d 621 (S.D.N.Y. 2008) .................................................................................... 8

*Kamen v. Lindly*,
  94 Cal. App. 4th 197 (6th Dist. 2001) .................................................................................... 6

*Kelley v. Rambus, Inc.*,
  2008 WL 5170598 (N.D. Cal. 2008) ...................................................................................... 8

*McMahon v. Marsh & McLennan Cos.*,
  No. BC 339808 (Cal. Super. Ct. Los Angeles County 2009) ................................................. 6

WAMU OFFICERS' REPLY IN
SUPPORT OF MOTION TO DISMISS
[OD-10] – Page ii
Case No. 2:08-md-01919-MJP
Lead Case No. C09-1756-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
-and-
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax: (206) 757-7700

*Merck & Co. v. Reynolds*,
   2010 WL 1655827 (U.S. 2010)..................................................................................8

*Mirkin v. Wasserman*,
   5 Cal. 4th 1082 (1993)............................................................................................4, 5

*Reese v. Malone*,
   2009 WL 506820 (W.D. Wash. 2009) ....................................................................7, 8

*South Oregon Barter Fair v. Jackson County*,
   372 F.3d 1128 (9th Cir. 2004) ....................................................................................4

*StorMedia Inc. v. Superior Court*,
   20 Cal. 4th 449 (1999)................................................................................................6

*Zucco Partners, LLC v. Digimarc Corp.*,
   552 F.3d 981 (9th Cir. 2009) ......................................................................................5

**STATUTES**

15 U.S.C. § 78r ..................................................................................................................7

28 U.S.C. § 1658...............................................................................................................7

Cal. Corp. Code § 25400 ..................................................................................................6

WAMU OFFICERS' REPLY IN SUPPORT OF MOTION TO DISMISS [OD-10] – Page iii
Case No. 2:08-md-01919-MJP
Lead Case No. C09-1756-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
-and-
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax:  (206) 757-7700

1   Defendants Thomas W. Casey, Ronald J. Cathcart, Stephen J. Rotella, and
2   David C. Schneider (collectively, the "WaMu Officers") submit this reply in support of their
3   motion to dismiss the Amended Complaint (the "Complaint") [08-md-1919 Dkt. 433].[1]  In
4   addition, the WaMu Officers join and incorporate by reference the reply briefs filed by all other
5   defendants, to the extent applicable.

## INTRODUCTION

7   Plaintiffs' response drops four claims against the WaMu Officers.[2]  As to a fifth,
8   Plaintiffs all but concede (except to preserve appeal rights) that this Court already ruled
9   dispositively that a one-year statute of limitations governs § 18 claims.  Plaintiffs have no answer
10  to the arguments advanced by the WaMu Officers for dismissal of the remaining claims.

11  *First*, Plaintiffs concede—as they must—that they are obligated to plead ***actual***
12  reliance on the WaMu Officers' alleged misrepresentations in order to state a claim for common
13  law fraud, negligent misrepresentation, and violation of § 10(b) of the Exchange Act.  In their
14  bid to avoid dismissal of these three claims, Plaintiffs represent to the Court that a single
15  paragraph out of their 324-paragraph Complaint included an allegation that Plaintiffs actually
16  read and relied upon the Offering Circulars and other documents.  *See* Opp'n at 23.  But that
17  representation is belied by the Complaint itself, which does ***not*** allege that Plaintiffs themselves
18  read, heard, or actually relied upon the WaMu Officers' purported misrepresentations, only that a
19  ***nonparty*** did so.  *See* ¶ 24.  Even if paragraph 24 of the Complaint ***did*** allege that Plaintiffs read
20  and relied upon the Offering Circulars—and it does not—its generic allegations of reliance do
21  not meet the particularity requirements of Rule 9(b).  *See In re Washington Mutual, Inc.*

---

[1]  Unless otherwise indicated, citations to the Amended Complaint appear as "¶ __," and all defined terms are those defined in the Amended Complaint.

[2]  Therefore, the WaMu Officers do not further address these claims: constructive fraud (Cal. Civ. Code § 1573, Count Two), negligence (Count Three), violation of Cal. Corp. Code § 25504 (Count Six), and aiding and abetting (Count Seven).

WAMU OFFICERS' REPLY IN
SUPPORT OF MOTION TO DISMISS
[OD-10] – Page 1
Case No. 2:08-md-01919-MJP
Lead Case No. C09-1756-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
-and-
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax: (206) 757-7700

*California Securities Litigation*, 2:08-md-1919 MJP, Dkt. No. 581; Lead Case No. C09-664 MJP, Dkt. No. 63.

*Second*, Plaintiffs blur the distinctions between this case and the securities putative class action in an effort to avoid dismissal by riding the coattails of the putative class action plaintiffs. Indeed, Plaintiffs invite the Court not to "revisit its prior rulings, including its decision to uphold the § 10(b) claims alleged in the class action." Opp'n at 23 n.6. But the two cases involve different securities. And unlike the WaMu common stock at issue in the putative class action—which traded on the New York Stock Exchange—the Preferred Trust Securities at issue here were *not* traded on an open market. Accordingly, the *Flaherty* plaintiffs have not invoked—and cannot invoke—the fraud-on-the-market presumption, which is available only when the security at issue actively traded on an efficient market. Further, Plaintiffs' claims for federal securities law violations amount to an afterthought: Plaintiffs added these claims only after this Court's October 27, 2009 order in the putative class action, presumably in an attempt to leverage that ruling to avoid dismissal of their own deficiently-pleaded Complaint. The Court should not reward Plaintiffs for this transparent procedural gambit.

*Finally*, Plaintiffs apparently concede that the WaMu Officers cannot be liable under California Corporations Code sections 25400 and 25500 unless they sold or otherwise engaged in market activity in the *same* security that Plaintiffs claim to have purchased. Plaintiffs attempt to confuse the issue in their opposition by submitting documents showing that the WaMu Officers sold WaMu common stock, a *different* security than the security at issue in this case. Because Plaintiffs cannot state a claim on these facts, the Court should dismiss the sections 25400 and 25500 claims with prejudice. Plaintiffs' remaining claims under the California Corporations Code fail for the reasons set out in the Initial Purchasers' motion to dismiss and their reply brief in support thereof.

WAMU OFFICERS' REPLY IN
SUPPORT OF MOTION TO DISMISS
[OD-10] – Page 2
Case No. 2:08-md-01919-MJP
Lead Case No. C09-1756-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
-and-
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax: (206) 757-7700

# ARGUMENT

## A. The Court Should Dismiss Plaintiffs' Fraud, Negligent Misrepresentation, and Section 10(b) Claims for Failure to Plead Reliance

### 1. Plaintiffs Fail to Allege Reliance on the Offering Circulars and Other Documents

Plaintiffs admit that they must plead and prove actual reliance on the WaMu Officers' allegedly false statements to state a claim for common law fraud, negligent misrepresentation, and violation of § 10(b) of the Exchange Act. Opp'n at 22–23, 36–37. In their opposition, Plaintiffs selectively quote from paragraph 24 of the Complaint to imply that Plaintiffs themselves read and relied on the applicable Offering Circulars, analyst reports, and the like. Opp'n at 23. In fact, the Complaint does *not* allege that *Plaintiffs* read and relied on these documents; instead, it alleges only that a nonparty investment advisor read certain categories of documents and relied on unspecified statements contained in those documents:

> ***Non-party*** . . . . Flaherty & Crumrine Incorporated ["FCI"], as the investment adviser/portfolio manager for [Plaintiffs], read and relied upon the Offering Circulars and the documents incorporated by reference, as well as analyst reports and credit rating agency reports concerning Washington Mutual that repeated and/or relied upon Defendants' false and misleading statements.

¶ 24 (emphasis added).

As this Court recently held in the *California Securities Litigation*, "generic" allegations that a plaintiff read and relied upon documents, absent express allegations of "***which*** documents they read, ***when*** the[y] read them or ***how*** they impacted their decision to purchase or retain WaMu debt securities," do not pass muster under Rule 9(b). Order Granting Director Defs.' & Deloitte's Mot. to Dismiss at 11, *In re Washington Mutual, Inc. California Securities Litigation* [2:08-md-1919 MJP, Dkt. No. 581; Lead Case No. C09-664 MJP, Dkt. No. 63] (emphasis added). Further, even if non-party FCI was acting as Plaintiffs' agent—and the Amended Complaint does not allege facts that would establish agency—Plaintiffs do ***not*** allege that FCI ever communicated the purported misrepresentations to Plaintiffs, or that, in turn,

WAMU OFFICERS' REPLY IN
SUPPORT OF MOTION TO DISMISS
[OD-10] – Page 3
Case No. 2:08-md-01919-MJP
Lead Case No. C09-1756-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
-and-
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax: (206) 757-7700

Plaintiffs actually relied upon such information. *See, e.g.*, *Mirkin v. Wasserman*, 5 Cal. 4th 1082, 1095 (1993) (plaintiffs failed to establish indirect reliance where they did not "plead that the alleged misrepresentations ever came to their attention"); *Gawara v. U.S. Brass Corp.*, 63 Cal. App. 4th 1341, 1350–51 (4th Dist. 1998) (plaintiff claiming indirect reliance must plead reliance by agent or demonstrate that intermediary conveyed the misrepresentations to the plaintiff, who actually relied upon them).

Further, the Court's earlier ruling on the WaMu Officers' motion to dismiss the § 10(b) claims in the Securities class action does not establish the sufficiency of Plaintiffs' claims under the "law of the case" doctrine. Although the Securities class action and this litigation share certain questions of fact and law, they involve different ***parties***, different ***securities***, and different ***allegations*** of reliance. *See, e.g.*, *Delta Savings Bank v. United States*, 265 F.3d 1017, 1027 (9th Cir. 2001) (district court's rulings in predecessor case involving some of the same parties and the same underlying transactions and occurrences does not constitute "law of the case" in subsequent action); *Southern Oregon Barter Fair v. Jackson County*, 372 F.3d 1128, 1136 (9th Cir. 2004) (same) (cited by Plaintiffs).

Indeed, this motion raises arguments not previously addressed by this Court until this week's ruling on the motions to dismiss *California Securities Litigation*. The motions to dismiss the Securities class action did not raise issues of reliance because the putative class action plaintiffs invoked the fraud-on-the-market doctrine, *see* Am. Consol. Compl. ¶ 639(a)–(i) [2:08-md-1919, Dkt. No. 293], which establishes a presumption of reliance in cases involving securities that trade in an efficient market. *Binder v. Gillespie*, 184 F.3d 1059, 1064 (9th Cir. 1999). By contrast, the *Flaherty* Plaintiffs do not rely on the fraud-on-the-market theory to satisfy their burden of pleading actual reliance, as they have not alleged—and cannot allege—the existence of an efficient market for the Preferred Trust Securities at the time of the Offerings.[3]

---

[3] Plaintiffs claim to have purchased the Preferred Trust Securities—which were legally available only to qualified institutional buyers—in two private initial offerings. *See* ¶¶ 1–4; Levin Decl. (Dkt. No. 467), Exs. A & B. The Offering Circulars expressly warned that

WAMU OFFICERS' REPLY IN
SUPPORT OF MOTION TO DISMISS
[OD-10] – Page 4
Case No. 2:08-md-01919-MJP
Lead Case No. C09-1756-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
-and-
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax: (206) 757-7700

*See id.* (presumption only available when plaintiff alleges the security at issue actively traded on an efficient market); *In re MDC Holdings Sec. Litig.*, 754 F. Supp. 785, 805 (S.D. Cal. 1990) (dismissing § 10(b) claim that attempted to invoke the fraud-on-the-market theory because plaintiffs had not sufficiently alleged existence of efficient market).[4]

### 2. Plaintiffs Do Not Claim to Have Heard or Relied Upon the WaMu Officers' Alleged Oral Misrepresentations

Even assuming that paragraph 24 sufficiently pleads Plaintiffs' reliance on the Offering Circulars and the documents incorporated by reference—and it does not—the Complaint contains no allegations that Plaintiffs heard or relied upon the WaMu Officers' purported *oral* misrepresentations.  Plaintiffs do not argue otherwise.  Thus, at a minimum, the fraud, negligent misrepresentation, and § 10(b) claims based on the alleged oral misrepresentations must be dismissed.

### B. The Court Should Dismiss the Claims under California Corporations Code Sections 25400 and 25500 Because Plaintiffs Do Not Allege That the WaMu Officers Sold or Offered to Sell the Preferred Trust Securities

Plaintiffs tacitly concede their failure to allege that the WaMu Officers bought, sold, or offered to sell the same security that Plaintiffs claim to have purchased, as California

---

"*[t]here has never been a market for the Trust Securities*" and "[t]here can be no assurance that an active and liquid trading market for the Trust Securities will develop or be sustained."  Levin Decl., Ex. A at 20–21 and Ex. B at 24 (emphasis in original).  Thus, because no efficient market existed when Plaintiffs allegedly purchased the Preferred Trust Securities, the "fraud on the market" presumption cannot apply.  *See, e.g., Freeman v. Laventhol & Horwath*, 915 F.2d 193, 199 (6th Cir. 1990) ("fraud on the market" presumption of reliance not available as a matter of law to purchasers of newly issued bonds because the market for such securities "is not efficient or developed").

[4] Plaintiffs' failure to sufficiently plead a violation of § 10(b) dooms their § 20(a) claim.  *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 990 (9th Cir. 2009).  Opening Br. at 5.

In addition, even where it otherwise applies, the fraud-on-the market theory cannot satisfy Plaintiffs' burden to plead actual reliance to state a claim for common law fraud and negligent misrepresentation under California law.  *Mirkin*, 5 Cal. 4th at 1089; *In re GlenFed, Inc. Sec. Litig.*, 60 F.3d 591, 592 (9th Cir. 1995); *In re 3Com Sec. Litig.*, 761 F. Supp. 1411, 1419 (N.D. Cal. 1990).  Opening Br. at 4.

WAMU OFFICERS' REPLY IN SUPPORT OF MOTION TO DISMISS [OD-10] – Page 5
Case No. 2:08-md-01919-MJP
Lead Case No. C09-1756-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
-and-
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax: (206) 757-7700

Corporations Code sections 25400 and 25500 require. Instead, they respond to the WaMu Officers' motion to dismiss by seeking judicial notice of "the undisputed fact" that the WaMu Officers "sold Washington Mutual shares in 2006 and 2007." Opp'n at 36. But that "undisputed fact" has no bearing on these claims.

California Corporations Code section 25400(d) prohibits intentionally making false statements to inflate the price of a security, for the purpose of inducing others to buy the security at the artificially inflated price, while simultaneously "dumping" that same security. *See, e.g.*, *McMahon v. Marsh & McLennan Cos.*, No. BC 339808 (Cal. Super. Ct. Los Angeles County Jan. 6, 2009) (tentative ruling; final judgment entered on March 3, 2009) (dismissing section 25400 and 25500 claims against defendants who admitted to selling securities but not the particular ones at issue; "the phrase 'such security' in Section 24500 points to the security in question, not all conceivable securities") [attached as Exhibit A to the Declaration of Steven P. Caplow; final judgment attached as Exhibit B to the Caplow Declaration]; *StorMedia Inc. v. Superior Court*, 20 Cal. 4th 449, 461 & n.13 (1999) ("The unlawful conduct is the making of false and misleading statements for the purpose of inducing the purchase or sale of a security *which the defendant is selling*, offering to sell, purchasing, or offering to purchase.") (emphasis added); *Kamen v. Lindly*, 94 Cal. App. 4th 197, 199, 206 (6th Dist. 2001) ("defendant must have engaged in both activities in order to be liable under section 25500"; finding that purchasers of S3 stock failed to state a claim against corporate officer who was not alleged to have "sold or offered to sell S3 stock"); Cal. Corp. Code § 25400(d) (prohibiting a buyer, seller, or offeror of securities from making false statements "for the purpose of inducing the purchase or sale of *such* security by others) (emphasis added).

Plaintiffs' claims revolve entirely around the Preferred Trust Securities, which they purchased. The Forms 4, however, which Plaintiffs submit as the subject of their request for judicial notice, do not show that the WaMu Officers ever sold or offered to sell the *Preferred Trust Securities*; instead, they show only that the WaMu officers sold WaMu *common stock*.

WAMU OFFICERS' REPLY IN
SUPPORT OF MOTION TO DISMISS
[OD-10] – Page 6
Case No. 2:08-md-01919-MJP
Lead Case No. C09-1756-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
-and-
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax: (206) 757-7700

Because Plaintiffs have not alleged that the WaMu Officers bought, sold, or offered to sell the Preferred Trust Securities, Plaintiffs' fifth cause of action fails as a matter of law.

### C. Plaintiffs Have Failed to State a Claim Against the WaMu Officers Under California Corporations Code Section 25504.1

Plaintiffs do not dispute that failure to adequately plead an underlying violation of California Corporations Code section 25401 means that they cannot state section 25504.1 claims against the WaMu Officers. The Court should dismiss Count Six for the reasons set forth in the Initial Purchasers' motion to dismiss, *see* Initial Purchasers' Opening Br. at 17–20 [2:08-md-1919, Dkt. No. 466], which the WaMu Officers joined, *see* WaMu Officers' Opening Br. at 8–9, and for the additional reasons set forth in the Initial Purchasers' Reply at 7–10, which the WaMu Officers also join.

### D. The One-Year Statute of Limitations Bars Plaintiffs' Section 18 Claims

Plaintiffs do not dispute that they were on notice of their § 18 claims by late 2007. Nevertheless, they argue that they timely filed their § 18 claims because—according to Plaintiffs—the Sarbanes-Oxley Act ("Sarbanes-Oxley"), 28 U.S.C. § 1658(b), extended the statute of limitations to two years for § 18 claims. Plaintiffs' argument has no merit: Section 18 remains governed by the one-year limitations period set forth in 15 U.S.C. § 78r(c), as this Court has already ruled. *See Reese v. Malone*, No. C08-1008MJP, 2009 WL 506820, at *9 (W.D. Wash. Feb. 27, 2009) (Pechman, J.) (Sarbanes-Oxley did not extend the one-year statute of limitations for § 18 claims).

Section 804 of Sarbanes-Oxley provides a two year statute of limitations for "a private right of action that involves a claim of fraud, deceit, manipulation, or contrivance in contravention of a regulatory requirement concerning the securities laws." 28 U.S.C. § 1658(b). The majority of district courts—including this Court—that have addressed the issue have held

WAMU OFFICERS' REPLY IN
SUPPORT OF MOTION TO DISMISS
[OD-10] – Page 7
Case No. 2:08-md-01919-MJP
Lead Case No. C09-1756-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
-and-
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax: (206) 757-7700

that section 804 does not apply to § 18 claims.⁵  *E.g., Reese*, 2009 WL 506820, at *9; *Kelley v. Rambus, Inc.*, No. C 07-1238 JF (HRL), 2008 WL 5170598, at *9 (N.D. Cal. Dec. 9, 2008); *In re Pfizer Inc. Sec. Litig.*, 584 F. Supp. 2d 621, 642 (S.D.N.Y. 2008); *In re Fed. Nat'l Mortg. Ass'n Sec., Derivative & "ERISA" Litig.*, 503 F. Supp. 2d 25, 34–35 (D.D.C. 2007);  *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 465 F. Supp. 2d 687, 712–13 (S.D. Tex. 2006); *In re Hollinger Int'l, Inc. Sec. Litig.*, No. 04C 0834, 2006 WL 1806382, at *15 (N.D. Ill. June 28, 2006); *In re Alstom SA Sec. Litig.*, 406 F. Supp. 2d 402, 419–20 (S.D.N.Y. 2005).  As this Court recognized in *Reese*, section 804, by its terms, "applies only to causes of action concerning fraud claims and therefore to claims which require the pleading of fraudulent intent or scienter."  2009 WL 506820, at *9; *see also Pfizer*, 584 F. Supp. 2d at 642; *Alstom*, 406 F. Supp. 2d at 420–21; *Fed. Nat'l Mortg.*, 503 F. Supp. 2d at 35.  Because fraudulent intent or scienter is not an element of a claim under § 18, section 804 does not control.  *Reese*, 2009 WL 506820, at *9; *Pfizer*, 584 F. Supp. 2d at 642; *Enron*, 465 F. Supp. 2d at 712–13; *Alstom*, 406 F. Supp. 2d at 420; *Fed. Nat'l Mortg.*, 503 F. Supp. 2d at 35.  Further, "nothing in the language or history of Sarbanes-Oxley indicates a clear intent to overrule" the express limitations period set forth in § 18.  *Reese*, 2009 WL 506820, at *9; *see also Alstom*, 405 F. Supp. 2d at 420; *Hollinger*, 2006 WL 1806382, at *15.  Plaintiffs cite only unpublished, out-of-district cases for the opposite conclusion and ***concede*** that this Court has already conclusively rejected their position.  Indeed, they say only that they "assert[] the current argument to preserve [their] rights on appeal."  Opp'n at 26 n.10.

---

⁵  Neither the Supreme Court nor any Circuit Court has decided this issue.  The Supreme Court's recent decision in *Merck & Co. v. Reynolds*, No. 08-905, 2010 WL 1655827 (U.S. Apr. 27, 2010), does not bear on this issue, as that case construed section 804—not 15 U.S.C. § 78r, which governs § 18 claims.  In *Merck*, the Supreme Court held that the statute of limitations on the plaintiffs' § 10(b) claims did not begin to run until "a reasonably diligent plaintiff would have discovered 'the facts constituting the violation,'" ***including scienter***.  *Id.* at *13–15.  As this Court and others have recognized, § 18 claims "require[] only negligence, meaning that far less is required to alert a potential § 18 claimant of his claim."  *Kelley*, 2008 WL 5170598, at *9.

WAMU OFFICERS' REPLY IN
SUPPORT OF MOTION TO DISMISS
[OD-10] – Page 8
Case No. 2:08-md-01919-MJP
Lead Case No. C09-1756-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
-and-
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax: (206) 757-7700

1  In sum, because Plaintiffs concede that they were on notice of their claims more
2  than one year before they sued, the Court should dismiss the § 18 claims with prejudice.

## CONCLUSION

For the foregoing reasons and the reasons set forth in their opening brief, the WaMu Officers respectfully request that the Court dismiss the Amended Complaint.

Dated this 30th day of April, 2010.

| | |
|---|---|
| SIMPSON THACHER & BARTLETT LLP<br>Barry R. Ostrager (*pro hac vice*)<br>Mary Kay Vyskocil (*pro hac vice*)<br>425 Lexington Avenue<br>New York, New York 10017<br>Tel.:   (212) 455-2000<br>Fax:   (212) 455-2502<br>Email: bostrager@stblaw.com<br>            mvyskocil@stblaw.com<br>    *-and-*<br>Deborah L. Stein (*pro hac vice*)<br>Jonathan M. Weiss (*pro hac vice*)<br>Andrew B. Brettler (*pro hac vice*)<br>1999 Avenue of the Stars, 29th Floor<br>Los Angeles, California 90067<br>Tel.:   (310) 407-7500<br>Fax:   (310) 407-7502<br>Email: dstein@stblaw.com<br>Email: jweiss@stblaw.com<br>Email: abrettler@stblaw.com | DAVIS WRIGHT TREMAINE LLP<br><br>By:   */s/ Stephen M. Rummage*<br>       Stephen M. Rummage, WSBA #11168<br>       Steven P. Caplow, WSBA #19843<br>       1201 Third Avenue, Suite 2200<br>       Seattle, Washington 98101-3045<br>       Tel.:   (206) 757-8108<br>       Fax:   (206) 757-7136<br>       E-mail: steverummage@dwt.com<br>                   stevencaplow@dwt.com<br>                   hcassubhai@dwt.com |

*Attorneys for Thomas W. Casey, Ronald J. Cathcart,*
*Stephen J. Rotella and David C. Schneider*

WAMU OFFICERS' REPLY IN SUPPORT OF MOTION TO DISMISS [OD-10] – Page 9
Case No. 2:08-md-01919-MJP
Lead Case No. C09-1756-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
*-and-*
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax: (206) 757-7700

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2010, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record who receive CM/ECF notification, and that the remaining parties shall be served in accordance with the Federal Rules of Civil Procedure.

DATED this 30th day of April, 2010.

SIMPSON THACHER & BARTLETT LLP

By: */s/ Steven P. Caplow*
Steven P. Caplow, WSBA #19843
1201 Third Avenue, Suite 2200
Seattle, Washington 98101-3045
Tel.:   (206) 757-8108
Fax:   (206) 757-7136
E-mail:   stevencaplow@dwt.com

WAMU OFFICERS'
CERTIFICATE OF SERVICE
Case No. 2:08-md-01919-MJP
Lead Case No. C09-1756-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
-and-
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax: (206) 757-7700