THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE WASHINGTON MUTUAL, INC. SECURITIES, DERIVATIVE & ERISA LITIGATION | No. 2:08-MD-1919 MJP<br><br>Lead Case No. C09-1756 MJP<br><br>**OUTSIDE DIRECTORS' REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>**[DD-08]**<br><br>**Note for Motion Calendar:  April 30, 2010**<br><br>**ORAL ARGUMENT REQUESTED** |
| This Document Relates to:<br><br>*Flaherty & Crumrine Preferred Income Fund Incorporated, et al. v. Killinger, et al.* | |

OUTSIDE DIRECTORS' REPLY IN SUPPORT OF
MOTION TO DISMISS (No. C09-1756 MJP) [DD-08]

60225-0010/LEGAL18203342.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

<mark>Case 2:09-cv-01756-MJP   Document 87   Filed 04/30/10   Page 2 of 17</mark>

# TABLE OF CONTENTS

I.     INTRODUCTION ................................................................................................. 1

II.    ARGUMENT ........................................................................................................ 2

     A.     PLAINTIFFS' CLAIM FOR NEGLIGENT MISREPRESENTATION IS SUBJECT TO RULE 9(b) ................................................................................. 2

     B.     THE AMENDED COMPLAINT FAILS ADEQUATELY TO ALLEGE THAT THE OUTSIDE DIRECTORS MADE MISSTATEMENTS .................... 4

         1.     The Amended Complaint Does Not Allege That the Outside Directors Made Misstatements in the Offering Circulars .......................... 5

         2.     The Amended Complaint Does Not Adequately Allege That the Outside Directors Made Misstatements in WaMu's Forms 10-K .............. 7

     C.     THE AMENDED COMPLAINT FAILS TO PLEAD PLAINTIFFS' ACTUAL RELIANCE ON ANY ALLEGED MISSTATEMENTS..................... 8

     D.     THE AMENDED COMPLAINT FAILS TO ALLEGE THAT THE OUTSIDE DIRECTORS INTENDED TO INDUCE PLAINTIFFS' RELIANCE ON THE FORMS 10-K ................................................................ 10

III.   CONCLUSION................................................................................................... 12

OUTSIDE DIRECTORS' REPLY IN SUPPORT OF
MOTION TO DISMISS (No. C09-1756 MJP) [DD-08] - i

60225-0010/LEGAL18203342.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

# TABLE OF AUTHORITIES

**Cases**

*Apollo Capital Fund, LLC v. Roth Capital Partners, LLC*, 158 Cal. App. 4th 226, 70 Cal. Rptr. 3d 199 (2007) .................................................................................. 10

*Bily v. Arthur Young & Co.*, 3 Cal. 4th 370, 834 P.2d 745 (1992) ................................ 4, 5, 11, 12

*Cont. Airlines, Inc. v. McDonnell Douglas Corp.*, 216 Cal. App. 3d 388, 264 Cal. Rptr. 779 (1989) .................................................................................................... 3

*EBS Concrete, Inc. v. Target Fin. & Ins. Servs.*, No. D053150, 2009 WL 1153288 (Cal. Ct. App. Apr. 29, 2009) ............................................................................. 4

*Glen Holly Entm't, Inc. v. Tektronix, Inc.*, 100 F. Supp. 2d 1086 (C.D. Cal. 1999) ......................................................................................................................................... 4

*Howard v. Everex Systems, Inc.*, 228 F.3d 1057 (9th Cir. 2000) ............................................... 7, 8

*In re LDK Solar Sec. Litig.*, No. C 07-05182 WHA, 2008 U.S. Dist. LEXIS 80717 (N.D. Cal. Sept. 24, 2008) ............................................................................... 7

*In re Maxim Integrated Prods., Inc. Derivative Litig.*, 574 F. Supp. 2d 1046 (N.D. Cal. 2008) ............................................................................................................ 7

*In re National Century Financial Enterprises, Inc. Investment Litigation*, 504 F. Supp. 2d 287 (S.D. Ohio 2007) ........................................................................... 6, 7

*In re Wash. Mut., Inc. Sec. Litig.*, No. 2:08-md-1919 MJP (W.D. Wash. Apr. 28, 2010) .......................................................................................................... 3, 8, 9, 10

*In re Wash. Mut., Inc. Sec., Derivative & ERISA Litig.*, 259 F.R.D. 490 (W.D. Wash. 2009) .......................................................................................................... 3

*In re Zoran Corp. Derivative Litig.*, 511 F. Supp. 2d 986 (N.D. Cal. 2007) ............................... 7

*Lorenz v. Sauer*, 807 F.2d 1509 (9th Cir. 1987) ............................................................................ 3

*Mirkin v. Wasserman*, 858 P.2d 568 (Cal. 1993) .......................................................................... 9

*Patriot Scientific Corp. v. Korodi*, 504 F. Supp. 2d 952 (S.D. Cal. 2007) .................................... 3

*Small v. Fritz Cos.*, 30 Cal. 4th 167, 65 P.3d 1255 (Cal. 2003) ................................................ 4, 9

*Sprewell v. Golden State Warriors*, 266 F.3d 979 (9th Cir. 2001) ............................................... 5

*Stagen v. Stewart-West Coast Title Co.*, 149 Cal. App. 3d 114, 196 Cal. Rptr. 732 (1983) .................................................................................................................... 10

OUTSIDE DIRECTORS' REPLY IN SUPPORT OF
MOTION TO DISMISS (No. 09-1756 (No. ) – ii

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

# TABLE OF AUTHORITIES
### (continued)

*Todd County v. Barlow Projects, Inc.*, No. Civ.04-4218 ADM/RLE, 2005 WL 1115479 (D. Minn. May 11, 2005) ............................................................................... 6

*United Guar. Mortgage & Indem. Co. v. Countrywide Fin. Corp.*, 660 F. Supp. 2d 1163 (C.D. Cal. 2009) ........................................................................................ 3

**Regulations and Rules**

Fed. R. Civ. P. 8(a) ........................................................................................................ 1, 3, 6

Fed. R. Civ. P. 9(b) ........................................................................................................ passim

Fed. R. Civ. P. 12(b)(6) ......................................................................................................... 5

OUTSIDE DIRECTORS' REPLY IN SUPPORT OF
MOTION TO DISMISS (No. 09-1756 (No. ) – iii

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

# I.   INTRODUCTION

Plaintiffs' Amended Complaint asserts five causes of action against the Outside Directors: negligence (Count III); negligent misrepresentation (Count IV); aiding and abetting (Count VII); violation of Section 18 of the Securities Exchange Act of 1934 ("Exchange Act") (Count IX); and violation of Section 20(a) of the Exchange Act (Count XI).  In response to the Outside Directors' Motion to Dismiss Amended Complaint ("Motion to Dismiss" or "MTD"), plaintiffs abandoned their negligence and aiding and abetting claims,[1] leaving three claims.  Flaherty & Crumrine Plaintiffs' Consolidated Opposition to Defendants' Motions to Dismiss the Amended Complaint ("Opposition" or "Opp.") at 1 n.2.  Two of the three remaining claims against the Outside Directors—violation of Sections 18 and 20(a) of the Exchange Act—are fatally flawed and should be dismissed for the reasons set forth in the WaMu Officers' Motion to Dismiss Amended Complaint and the Reply in Support of WaMu Officers' Motion to Dismiss Amended Complaint, which the Outside Directors join.

The only remaining claim against the Outside Directors is plaintiffs' California state law negligent misrepresentation claim.  The arguments in the Opposition do not save the deficient negligent misrepresentation claim against the Outside Directors for several reasons.

<u>First</u>, under California law, negligent misrepresentation is a species of fraud. Accordingly, negligent misrepresentation claims brought in federal court are subject to the heightened pleading standard of Federal Rule of Civil Procedure ("Rule") 9(b) rather than the Rule 8(a) pleading standard advocated by plaintiffs in the Opposition.

<u>Second</u>, the Amended Complaint does not adequately allege that the Outside Directors made any statements—let alone misstatements—in the Offering Circulars or took any specific actions related to the Offering Circulars, such as reviewing or approving them.  The argument in

---

[1] Plaintiffs' Opposition incorrectly identifies the aiding and abetting claim as "Count IV" when it is in fact Count VII.  *See* Am. Compl. ¶¶ 287-291.  The Outside Directors assume that plaintiffs intended to dismiss the aiding and abetting claim rather than the actual Count IV, which is the negligent misrepresentation claim.  *See* Am. Compl. ¶¶ 266-273.

OUTSIDE DIRECTORS' REPLY IN SUPPORT OF
MOTION TO DISMISS (No. C09-1756 MJP) [DD-08] - 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

60225-0010/LEGAL18203342.1

the Opposition attempting to connect the Outside Directors to the Offering Circulars via a single conclusory allegation that they "authorized the sale of the Preferred Trust Securities pursuant to" the Offering Circulars, Am. Compl. ¶ 45, is insufficient to establish a claim that the Outside Directors "made" statements in the Offering Circulars under any pleading standard.

Third, despite plaintiffs' arguments in the Opposition, plaintiffs cannot attribute alleged negligent misrepresentations in WaMu's Forms 10-K to the Outside Directors pursuant to Rule 9(b) based solely on the Outside Directors' signatures on those documents.

Fourth, this Court's recent ruling in *In re Washington Mutual, Inc. California Securities Litigation* confirms that the Amended Complaint fails to satisfactorily allege plaintiffs' actual, justifiable reliance on any alleged negligent misrepresentations attributed to the Outside Directors.

Fifth, the Amended Complaint lacks any allegations from which to conclude that by signing WaMu's Forms 10-K the Outside Directors intended to induce these plaintiffs to purchase the preferred trust securities at issue.  California restricts recovery for claims based in negligence to the "narrow and circumscribed" class of people whom the speaker intended to influence with the allegedly negligent statement.  Therefore, even if the Outside Directors' signatures on a Form 10-K standing alone are a sufficient basis for attribution of alleged misrepresentations therein—and they are not under Rule 9(b)—they are nevertheless an insufficient basis to allege that the Outside Directors intended plaintiffs' reliance here.

The negligent misrepresentation claim against the Outside Directors should be dismissed with prejudice.

## II.   ARGUMENT

### A.   PLAINTIFFS' CLAIM FOR NEGLIGENT MISREPRESENTATION IS SUBJECT TO RULE 9(b)

Rather than argue that their negligent misrepresentation allegations against the Outside Directors satisfy Rule 9(b), plaintiffs make a feeble argument that their negligent

OUTSIDE DIRECTORS' REPLY IN SUPPORT OF
MOTION TO DISMISS (No. C09-1756 MJP) [DD-08] - 2

60225-0010/LEGAL18203342.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

misrepresentation claim is subject to a Rule 8(a) pleading standard. Opp. at 21-22. In support, plaintiffs inappropriately rely on this Court's determination in the Federal Securities Litigation that claims under Section 11 of the Securities Act of 1933 need not satisfy Rule 9(b). Opp. at 21-22 (citing *In re Wash. Mut., Inc. Sec., Derivative & ERISA Litig.*, 259 F.R.D. 490, 504 (W.D. Wash. 2009)). The Section 11 claims against the Outside Directors in the Federal Securities Litigation have no bearing on the pleading standard applicable to the negligent misrepresentation claim here. Section 11 claims require that plaintiffs allege that a registration statement contain an omission or misstatement and that the omission or misstatement misled a reasonable investor about the nature of his investment. *In re Wash. Mut.*, 259 F.R.D. at 505 (citation omitted). Although the Outside Directors argued in the Federal Securities Litigation that the Section 11 claim was based on a "unified course of allegedly fraudulent conduct" and was therefore subject to Rule 9(b), this Court rejected that argument and analyzed plaintiffs' Section 11 claim under Rule 8(a). *In re Wash. Mut.*, 259 F.R.D. at 504.

The elements of a Section 11 claim are entirely different than the elements of a negligent misrepresentation claim under California law. As this Court recently recognized, because negligent misrepresentation is a form of deceit under California law, federal courts in the Ninth Circuit routinely subject negligent misrepresentation claims under California law to the heightened pleading standard of Rule 9(b). *In re Wash. Mut., Inc. Sec. Litig.*, No. 2:08-md-1919 MJP, slip op. at 5 (W.D. Wash. Apr. 28, 2010); *see also United Guar. Mortgage & Indem. Co. v. Countrywide Fin. Corp.*, 660 F. Supp. 2d 1163, 1179 (C.D. Cal. 2009) ("'Under California law, negligent misrepresentation is a species of actual fraud' and is therefore subject to Rule 9(b).") (quoting *Lorenz v. Sauer*, 807 F.2d 1509, 1511-12 (9th Cir. 1987)); *Patriot Scientific Corp. v. Korodi*, 504 F. Supp. 2d 952, 965 (S.D. Cal. 2007) (applying Rule 9(b) to claim for negligent misrepresentation because, under California law, negligent misrepresentation is a form of deceit) (citing *Cont. Airlines, Inc. v. McDonnell Douglas Corp.*, 216 Cal. App. 3d 388, 403, 264 Cal. Rptr. 779 (1989)); *Neilson v. Union Bank of Calif., N.A.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal.

OUTSIDE DIRECTORS' REPLY IN SUPPORT OF
MOTION TO DISMISS (No. C09-1756 MJP) [DD-08] - 3

60225-0010/LEGAL18203342.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

2003) (finding that it is "well-established in the Ninth Circuit that both claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirements") (citing *Glen Holly Entm't, Inc. v. Tektronix, Inc.*, 100 F. Supp. 2d 1086, 1093 (C.D. Cal. 1999)).

The California Supreme Court has recognized that "a complaint for negligent misrepresentation in a holder's action should be pled with the same specificity required in a holder's action for fraud." *Small v. Fritz Cos.*, 30 Cal. 4th 167, 65 P.3d 1255, 1265 (Cal. 2003). A California district court recently reasoned that, if faced with the question, the California Supreme Court would require that other types of negligent misrepresentation claims be pled with specificity too. *EBS Concrete, Inc. v. Target Fin. & Ins. Servs.*, No. D053150, 2009 WL 1153288, at *4 (Cal. Ct. App. Apr. 29, 2009) ("We conclude that if presented with the question, our high court would hold that claims for negligent misrepresentation must adhere to the same heightened pleading standards as claims for fraud.").

Apparently not recognizing that their argument constitutes an admission that negligent misrepresentation is a form of fraud, plaintiffs contend in a later section of the Opposition that disclaimers cannot shield the Initial Purchaser Defendants from liability for negligent misrepresentations under California law because "[n]egligent misrepresentation is a 'form of deceit.'" Opp. at 40 (quoting *Bily v. Arthur Young & Co.*, 3 Cal. 4th 370, 407, 834 P.2d 745 (1992)). There is thus no legitimate dispute that the allegations which support the Amended Complaint's negligent misrepresentation claim against the Outside Directors under California law must satisfy the pleading standard of Rule 9(b). And given that the Opposition does not even attempt to argue that the allegations in the Amended Complaint meet Rule 9(b), the negligent misrepresentation claim against the Outside Directors should be dismissed.

**B.  THE AMENDED COMPLAINT FAILS ADEQUATELY TO ALLEGE THAT THE OUTSIDE DIRECTORS MADE MISSTATEMENTS**

Even if plaintiffs had argued that the allegations in the Amended Complaint satisfied the standard of Rule 9(b), the argument would fail. Under California law, a plaintiff can recover for

OUTSIDE DIRECTORS' REPLY IN SUPPORT OF
MOTION TO DISMISS (No. C09-1756 MJP) [DD-08] - 4

60225-0010/LEGAL18203342.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

negligent misrepresentation "[w]here the defendant makes false statements, honestly believing that they are true, but without reasonable ground for such belief." *Bily v. Arthur Young & Co.*, 834 P.2d 745, 768 (Cal. 1992) (internal quotation marks and citation omitted). Because the Amended Complaint does not adequately allege that the Outside Directors made any misstatements pursuant to Rule 9(b), it fails to state a claim for negligent misrepresentation.

### 1. The Amended Complaint Does Not Allege That the Outside Directors Made Misstatements in the Offering Circulars

To support a negligent misrepresentation claim against the Outside Directors, the Amended Complaint must allege with particularity some connection between the Outside Directors and the Offering Circulars, but it fails to do so. The Amended Complaint fails to allege that the Outside Directors played any role in creating the Offering Circulars. Recognizing the need to make the connection, plaintiffs make the conclusory allegation in the Amended Complaint that the Outside Directors authorized the sale of the securities at issue pursuant to the Offering Circulars. Opp. at 39 (citing Am. Compl. ¶ 45). The Opposition offers further conclusory assertions—arguing that it would be "absurd" to conclude that WaMu offered the securities at issue without the approval and authorization of the WaMu Board of Directors. Opp. at 39 n.21. But conclusory arguments in an opposition brief do not equate to allegations in a complaint. *See, e.g.*, *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (for purposes of a motion to dismiss under Rule 12(b)(6), court is not required to accept as true conclusory allegations, unwarranted deductions of fact, or unreasonable inferences).

Neither the Amended Complaint nor the Opposition provides any facts from which it can reasonably be concluded that the Outside Directors reviewed or approved the contents of the Offering Circulars. The Opposition asserts that the Finance and Audit Committees of the WaMu Board were tasked with the oversight of the Offering Circulars based on boilerplate descriptions of the roles of these committees. Opp. at 39 n.21 (citing Am. Compl. ¶¶ 108-112). However, the cited paragraphs of the Amended Complaint do not allege that either committee was responsible

OUTSIDE DIRECTORS' REPLY IN SUPPORT OF
MOTION TO DISMISS (No. C09-1756 MJP) [DD-08] - 5

60225-0010/LEGAL18203342.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

for oversight or review of the Offering Circulars. *See, e.g.*, Am. Compl. ¶ 111 (alleging that the Finance Committee "monitored investments and dispositions of loans and financial instruments" and "monitored the development and implementation of strategies that guide the Company's financial management activities"). Even if such generalized, conclusory allegations appeared in the Amended Complaint—and they do not—they are insufficient to attribute alleged misstatements in the Offering Circulars to the Outside Directors under Rule 9(b). *See* MTD at 12.

Plaintiffs quibble with the Outside Directors' citation to *In re National Century Financial Enterprises, Inc. Investment Litigation*, 504 F. Supp. 2d 287 (S.D. Ohio 2007), for the proposition that "[c]ourts have declined to assume that outside directors are responsible for the contents of offering documents." Opp. at 40. Plaintiffs correctly point out that the *National Century* court declined to dismiss the negligent misrepresentation claim against outside directors. However, the *National Century* court applied the Rule 8(a) notice pleading standard to the negligent misrepresentation claim because "Ohio case law make[s] clear that fraud and negligent misrepresentation are 'separate and distinct tort claims.'" 504 F.Supp.2d at 323 (citations omitted). As explained *supra*, under California law, negligent misrepresentation is a form of deceit that is subject to the heightened pleading requirements of Rule 9(b). *See also Todd County v. Barlow Projects, Inc.*, No. Civ.04-4218 ADM/RLE, 2005 WL 1115479 at *8 (D. Minn. May 11, 2005) (applying Rule 9(b) to negligent misrepresentation claim under Minnesota law because "[u]nder Minnesota law, negligent misrepresentation claims sound in fraud and must satisfy the Rule 9(b) particularity requirement"). Further, the *National Century* court dismissed Section 10(b) claims against the outside director defendants that were subject to Rule 9(b)—like plaintiffs' negligent misrepresentation claim here—concluding that the complaint—like plaintiffs' Amended Complaint here—"does not specify the roles played by each individual Outside Director in preparing, reviewing, or approving the Offering Materials" and that

OUTSIDE DIRECTORS' REPLY IN SUPPORT OF
MOTION TO DISMISS (No. C09-1756 MJP) [DD-08] - 6

60225-0010/LEGAL18203342.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

"[o]utside directors . . . cannot be assumed to have assisted in preparing, reviewing, or approving offering materials." 504 F. Supp. 2d at 297.

The Amended Complaint does not allege any particularized facts establishing a connection between the Outside Directors and the statements in the Offering Circulars. The Amended Complaint's conclusory assertion that the Outside Directors "authorized" the sale of the securities at issue is unsupported by any factual allegation and is entirely insufficient to hold the Outside Directors responsible for "making" any allegedly false statements in the Offering Circulars.

### 2. The Amended Complaint Does Not Adequately Allege That the Outside Directors Made Misstatements in WaMu's Forms 10-K

Because plaintiffs cannot directly connect the Outside Directors to the Offering Circulars, plaintiffs attempt to rely on the Outside Directors' signatures on WaMu's Forms 10-K in support of their negligent misrepresentation claim. But plaintiffs' attempt to attribute alleged misstatements in publicly-filed documents to the Outside Directors based solely on their signatures is insufficient to satisfy Rule 9(b). Plaintiffs specifically disclaim reliance on the group pleading doctrine to attribute these alleged misstatements to the Outside Directors. Opp. at 39.

Plaintiffs rely on *Howard v. Everex Systems, Inc.*, 228 F.3d 1057 (9th Cir. 2000), and three federal district court cases that cite *Howard*, for the proposition that "directors who sign SEC filings are liable as primary violators of the securities laws for false statements contained therein." Opp. at 38-39 (citing *In re Zoran Corp. Derivative Litig.*, 511 F. Supp. 2d 986, 1011 (N.D. Cal. 2007) (sustaining plaintiffs' claim under Section 10(b) in the options backdating context); *In re Maxim Integrated Prods., Inc. Derivative Litig.*, 574 F. Supp. 2d 1046, 1063 (N.D. Cal. 2008) (same); *In re LDK Solar Sec. Litig.*, No. C 07-05182 WHA, 2008 U.S. Dist. LEXIS 80717, at *25 (N.D. Cal. Sept. 24, 2008) (sustaining plaintiff's Section 10(b) claim

OUTSIDE DIRECTORS' REPLY IN SUPPORT OF
MOTION TO DISMISS (No. C09-1756 MJP) [DD-08] - 7

60225-0010/LEGAL18203342.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

against officer and director defendants that signed a fraudulent IPO prospectus)).  These cases do not support such a broad proposition.

The *Howard* court considered "whether a corporate official (the CEO) who, *acting with scienter*, signs a SEC filing containing misrepresentations, 'make[s]' a statement so as to be liable as a primary violator under § 10(b)." *Howard*, 228 F.3d at 1061 (emphasis added).  Accordingly, the issue in *Howard* was whether a company officer—and not an outside director—was liable for a misleading publicly filed document that he signed with fraudulent intent.  The limited application of the *Howard* court's holding is evident from its subsequent conclusion that "corporate officers should not be allowed to make important false financial statements *knowingly or recklessly*" *Id.* at 1062 (emphasis added).  *Howard* offers no support for the proposition that outside directors can be liable under California law for alleged misrepresentations contained in SEC filings solely because they signed those documents.  The Opposition's reliance on authority which focuses on federal securities law claims against an officer who fraudulently or recklessly signed a publicly-filed document is misplaced in the context of plaintiffs' negligent misrepresentation claim against the Outside Directors.

The Amended Complaint fails to make the necessary connection between the Outside Directors and the alleged falsities in the Offering Circulars.  Therefore the negligent misrepresentation claim against the Outside Directors fails.

## C. THE AMENDED COMPLAINT FAILS TO PLEAD PLAINTIFFS' ACTUAL RELIANCE ON ANY ALLEGED MISSTATEMENTS

Even if the Amended Complaint adequately alleged misstatements by the Outside Directors—and it does not—plaintiffs' negligent misrepresentation claim should be dismissed due to plaintiffs' failure to adequately allege actual, justifiable reliance on any misstatements by the Outside Directors pursuant to Rule 9(b).

This Court's recent holding in *In re Washington Mutual, Inc. California Securities Litigation* is directly on point.  *In re Wash. Mut., Inc. Sec. Litig.*, slip op. at 10.  Plaintiffs may

OUTSIDE DIRECTORS' REPLY IN SUPPORT OF
MOTION TO DISMISS (No. C09-1756 MJP) [DD-08] - 8

60225-0010/LEGAL18203342.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

not rely on the "fraud on the market" theory of reliance for their state law negligent misrepresentation claim but must plead facts showing actual and justifiable reliance on the alleged misrepresentations by the Outside Directors. *Mirkin v. Wasserman*, 858 P.2d 568, 571 (Cal. 1993). To meet this standard, the Amended Complaint must contain allegations of "'specific reliance on the defendants' representations: for example, that if the plaintiff had read a truthful account of the corporation's financial status the plaintiff would have sold the stock, how many shares the plaintiff would have sold, and when the sale would have taken place.'" *In re Wash. Mut., Inc. Sec. Litig.*, slip op. at 10 (quoting *Small*, 30 Cal. 4th at 184 (2003)). Conclusory allegations of reliance are insufficient. *Mirkin*, 858 P.2d at 570. Plaintiffs must plead specific reliance by identifying how plaintiffs themselves were exposed to the alleged misrepresentations and how plaintiffs themselves relied on the alleged misrepresentation to their detriment. *Id.* at 577-78; MTD at 12-14. These reliance requirements exist to prevent every security owner who merely relies on the market from being able to bring a fraud or negligent misrepresentation claim. *Mirkin*, 858 P.2d at 584; *Small*, 65 P.3d at 1265.

Plaintiffs' reliance allegations fail for several reasons. First, plaintiffs do not allege that they read and relied on any alleged misstatements but instead allege that nonparty Flaherty & Crumrine Incorporated generally "read and relied upon the Offering Circulars and the documents incorporated by reference." Am. Compl. ¶ 24. As set forth in the Reply in Support of WaMu Officers' Motion to Dismiss Amended Complaint, which the Outside Directors join, reliance by nonparty Flaherty & Crumrine Incorporated is irrelevant. Because plaintiffs have not alleged their own actual, justifiable reliance on any alleged negligent misrepresentations attributed to the Outside Directors, the negligent misrepresentation claim should be dismissed.

Second, plaintiffs have not alleged specific reliance—by anyone—on negligent misrepresentations attributed to the Outside Directors. Plaintiffs' reliance allegations are no more specific than those which this Court rejected in *In re Washington Mutual, Inc. Securities Litigation*, slip op. at 10-11. Plaintiffs allege that nonparty Flaherty & Crumrine Incorporated

OUTSIDE DIRECTORS' REPLY IN SUPPORT OF
MOTION TO DISMISS (No. C09-1756 MJP) [DD-08] - 9

60225-0010/LEGAL18203342.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

"read and relied upon the Offering Circulars and the documents incorporated by reference" and that "[p]laintiffs justifiably relied on the materially false and misleading statements" alleged in the Amended Complaint. Am. Compl. ¶¶ 24, 271. Such allegations do not satisfy Rule 9(b) because they do not "expressly alleg[e] which documents they read, when the [sic] read them or how they impacted their decision to purchase or retain" the securities at issue. *In re Wash. Mut., Inc. Sec. Litig.*, slip op. at 11. Because the Amended Complaint fails to adequately allege plaintiffs' actual, justifiable reliance on any alleged misrepresentations, the negligent misrepresentation claim should be dismissed in its entirety for the same reasons that the fraud and negligent misrepresentation claims in *In re Washington Mutual, Inc. California Securities Litigation* were dismissed.

### D. THE AMENDED COMPLAINT FAILS TO ALLEGE THAT THE OUTSIDE DIRECTORS INTENDED TO INDUCE PLAINTIFFS' RELIANCE ON THE FORMS 10-K

Even if the Amended Complaint had adequately alleged plaintiffs' actual, justifiable reliance—and it plainly does not—the negligent misrepresentation claim against the Outside Directors still fails because plaintiffs have not and cannot allege that they are members in a "narrow and circumscribed class" that the Outside Directors intended the Forms 10-K to influence in a "specific and circumscribed transaction."

To recover for negligent misrepresentation in California, a plaintiff must show that the defendant made the false statement "with intent to induce another's reliance on the fact misrepresented." *Apollo Capital Fund, LLC v. Roth Capital Partners, LLC*, 158 Cal. App. 4th 226, 243, 70 Cal. Rptr. 3d 199 (2007). A party's intent to influence another party is a "threshold issue," and in its absence, "there is no liability even though a plaintiff has relied on the misrepresentation to his or her detriment, and even if such reliance were reasonably foreseeable." *Stagen v. Stewart-West Coast Title Co.*, 149 Cal. App. 3d 114, 121-22, 196 Cal. Rptr. 732 (1983).

OUTSIDE DIRECTORS' REPLY IN SUPPORT OF
MOTION TO DISMISS (No. C09-1756 MJP) [DD-08] - 10

60225-0010/LEGAL18203342.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

The California Supreme Court defined this restricted class of persons entitled to rely upon the representations in declining to hold an accounting firm responsible for false statements in an audit opinion that it was hired to complete. *Bily*, 834 P.2d at 768 (internal quotation marks and citation omitted). In *Bily*, plaintiffs proved at trial that the accounting firm negligently issued an unqualified audit opinion on which investors relied to their detriment. *Id.* at 749. The California Supreme Court reversed, finding as a matter of law that liability did not extend to plaintiff investors—even if their reliance on the audit opinion was foreseeable—but only to "a narrow and circumscribed class of persons to whom or for whom representations are made." *Id.* at 769. The *Bily* court explained that "California courts have consistently required some manifestation on the part of a professional who offers an opinion, information, or advice that he or she is acting to benefit a third party or defined group of third parties *in a specific and circumscribed transaction*." *Id.* at 771 (emphasis added). In so holding, the *Bily* court sought to avoid "unlimited and uncertain liability for economic losses in cases of professional mistake." *Id.* at 769.

Although the Outside Directors are not professionals, the *Bily* principle applies here. Assuming that the Outside Directors' signatures on the Forms 10-K are sufficient to attribute to them alleged misstatements therein—and they are not—there is nothing in the Amended Complaint from which to reasonably infer that by signing the Forms 10-K, the Outside Directors intended to induce plaintiffs to act in connection with the specific securities offerings at issue. Even though the Outside Directors may have intended that the WaMu Forms 10-K would be relied on by the WaMu investor community generally, plaintiffs offer no facts to support a conclusion that the Outside Directors took any affirmative steps to induce these plaintiffs to rely on the Forms 10-K in the context of the specific offerings at issue. Holding the Outside Directors liable to plaintiffs on these facts would create "unlimited negligence liability" to any investor that relied on the Forms 10-K in any context. *Bily*, 834 P.2d at 769. This is exactly the result that the California Supreme Court sought to avoid in "defin[ing] a narrow and

OUTSIDE DIRECTORS' REPLY IN SUPPORT OF
MOTION TO DISMISS (No. C09-1756 MJP) [DD-08] - 11

60225-0010/LEGAL18203342.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

circumscribed class of persons" to whom professional issuers of information are liable, and the same principles apply to limit the extent of negligence liability against the Outside Directors here. *Id.* at 769.

### III.   CONCLUSION

For the foregoing reasons, the Outside Directors respectfully request that the claims against them in the Amended Complaint be dismissed with prejudice.

Dated:  April 30, 2010

By: *s/Ronald L. Berenstain*
Ronald L. Berenstain, WSBA #7573
William C. Rava, WSBA #20048
Sean C. Knowles, WSBA #39893
Sarah Kate Vaughan, WSBA #35970
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone:   (206) 359-8000
Fax:       (206) 359-9000
Email:    rberenstain@perkinscoie.com
              wrava@perkinscoie.com
              sknowles@perkinscoie.com
              kvaughan@perkinscoie.com

*Attorneys for Defendants Anne V. Farrell, Stephen E. Frank, Thomas C. Leppert, Charles M. Lillis, Phillip D. Matthews, Regina T. Montoya, Michael K. Murphy, Margaret Osmer McQuade, Mary E. Pugh, William G. Reed, Jr., Orin C. Smith, James H. Stever, and Willis B. Wood, Jr.*

OUTSIDE DIRECTORS' REPLY IN SUPPORT OF MOTION TO DISMISS (No. C09-1756 MJP) [DD-08] - 12

60225-0010/LEGAL18203342.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2010, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses indicated on the Court's Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document via United States first-class mail, postage prepaid, to the non-CM/ECF participants indicated on the Court's Manual Notice List.

DATED at Seattle, Washington, this 30th day of April, 2010.

By: *s/Ronald L. Berenstain*
Ronald L. Berenstain, WSBA #7573
William C. Rava, WSBA #20048
Sean C. Knowles, WSBA #39893
Sarah Kate Vaughan, WSBA #35970
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone:   (206) 359-8000
Fax:       (206) 359-9000
Email:    rberenstain@perkinscoie.com
              wrava@perkinscoie.com
              sknowles@perkinscoie.com
              kvaughan@perkinscoie.com

*Attorneys for Defendants Anne V. Farrell, Stephen E. Frank, Thomas C. Leppert, Charles M. Lillis, Phillip D. Matthews, Regina T. Montoya, Michael K. Murphy, Margaret Osmer McQuade, Mary E. Pugh, William G. Reed, Jr., Orin C. Smith, James H. Stever, and Willis B. Wood, Jr.*

OUTSIDE DIRECTORS' REPLY IN SUPPORT OF
MOTION TO DISMISS (No. C09-1756 MJP) [DD-08] - 13

60225-0010/LEGAL18203342.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000