The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE WASHINGTON MUTUAL, INC. SECURITIES, DERIVATIVE & ERISA LITIGATION | No. 2:08-md-1919 MJP |
| This Document Relates to:<br>*Flaherty & Crumrine Preferred Income Fund Incorporated, et al. v. Killinger, et al.*,<br>No. C09-1756 MJP | FLAHERTY & CRUMRINE PLAINTIFFS' SURREPLY TO STRIKE NEW ARGUMENTS RAISED FOR THE FIRST TIME ON REPLY |

SURREPLY
No. 2:08-md-1919 MJP
No. C09-1756 MJP

Dietrich Siben Thorpe LLP
2173 Salk Avenue, Suite 250, Carlsbad, CA 92008
Tel.: (760) 579-7368 Fax: (760) 579-7369

Defendants raise new arguments concerning reliance for the first time in reply briefs responding to Plaintiffs' opposition papers to the pending motions to dismiss. "It is well-established that courts will not consider new arguments raised for the first time in a reply brief." *Carver v. Gonzales*, 2006 U.S. Dist. LEXIS 87020, No. C06-1045 MJP, *8 (W.D. Wash. Nov. 30, 2006) (granting surreply to strike new argument).

## I. DEFENDANTS, FOR THE FIRST TIME, IMPROPERLY ARGUE PLAINTIFFS MUST SATISFY THE MORE ONEROUS RELIANCE STANDARDS IMPOSED UPON "HOLDERS' CLAIMS"

Citing *Small v. Fritz Cos.*, 30 Cal. 4th 167 (2003) ("*Small*"), and this Court's April 28, 2010 Order Granting the Director Defendants' and Deloitte & Touche LLP's Motions to Dismiss in the *Solton* action (the "Order") which relies upon *Small*, the Director Defendants argue for the first time that Plaintiffs must plead reliance in accord with the heightened standard applicable to a holder's action. *See* Directors' Reply at 9. *See also* Killinger Reply at 1-2. The pleading standard for a holder's claim is more onerous than that for a purchaser's claim. *See, e.g., Hunt v. Enzo Biochem, Inc.*, 471 F. Supp. 2d 390, 411-14 (S.D.N.Y. 2006) (following *Small* and finding plaintiffs did not meet the "heightened pleading standard on the element of reliance" for a holder's claim, but did satisfy Rule 9(b) for pleading reliance as to their purchaser claims); *Lee v. Marsh & McLennan Cos.*, Inc., 2007 NY Slip Op 52325U, 7-8 (N.Y. Sup. Ct. 2007) ("Courts which have considered common-law based holder actions have generally adopted the Supreme Court's policy concerns by requiring heightened levels of proof with respect to the key elements of reliance, causality and damages."). Heightened holder's claim requirements are policy driven, and not synonymous with Rule 9(b).

Plaintiffs in this action bring purchaser claims; the standard applicable to holder's claims is inapplicable. No defendant cited *Small*, or the holder's claim standard, in moving for dismissal. *Small*, which this Court relied upon in the Order, is applicable only "[i]n a holder's action." *Small*, at 182. No Defendant cites any authority applying the heightened holder standard to *purchaser* claims, such as those brought by Plaintiffs. Defendants' argument on reply is procedurally improper and Plaintiffs request the argument be stricken.

///

1

SURREPLY
No. 2:08-md-1919 MJP
No. C09-1756 MJP

Dietrich Siben Thorpe LLP
2173 Salk Avenue, Suite 250, Carlsbad, CA 92008
Tel.: (760) 579-7368 Fax: (760) 579-7369

## II. DEFENDANTS, FOR THE FIRST TIME, IMPROPERLY ARGUE PLAINTIFFS FLAHERTY & CRUMRINE MUTUAL FUNDS MAY NOT ESTABLISH RELIANCE THROUGH FLAHERTY & CRUMRINE INC.'S ACTUAL RELIANCE

Arguing for the first time on reply, the Officer Defendants assert Plaintiffs improperly establish actual reliance through their investment adviser/portfolio manager Flaherty & Crumrine Inc. Officers' Reply at 3. Defendants' argument is both procedurally improper and contrary to law. "A party need not personally have read a misleading financial report to establish reliance; derivative reliance is a well-established basis for liability in a Rule 10b-5 action." *Itoba Ltd. v. LEP Group PLC*, 54 F.3d 118, 122 (2nd Cir. 1995) (reliance where parent company's investment banker read false statements before subsidiary made purchase). *See also McKowan Lowe & Co. v. Jasmine Ltd.*, 127 F. Supp. 2d 516, 541 (D.N.J. 2000) (reliance where plaintiff's stock broker read statements).

Where, as here, a family of funds utilizes an "agent who both reads and then relies on a [document] by deciding to purchase the security" the plaintiffs plead actual reliance. *In re Adelphia Communications Corp. Sec. Litig.*, 2007 U.S. Dist. LEXIS 66911, 03 MD 1529 (LMM), *35-*36 (S.D.N.Y. Sept. 10, 2007) (family of Franklin Mutual funds adequately pleaded reliance for purchases made "through investment advisor"). *See also Austin v. Loftsgaarden*, 675 F.2d 168, 177 fn. 19 (8th Cir. 1982) (upholding jury verdict on §10(b) and common law fraud where "plaintiffs relied on experts who in turn relied on the offering memorandum"). California common law is in accord. A "fraud worked upon [the agent] by misrepresentation or by silence was worked upon her principal and he has a right of action for redress." *Mirkin v. Wasserman*, 5 Cal. 4th 1082, 1098 (1993).[1]

Defendants' argument is akin to the universally discredited contention that "an institutional investor cannot be a class representative [in securities fraud class actions] simply because it turned over day-to-day investment decisions to professional money managers or advisors. …" *Ross v. Abercrombie & Fitch Co.*, 257 F.R.D. 435, 450 (S.D. Ohio 2009) (citing cases). The vast majority of funds operate

---

[1] This is consistent with "California [ ] embrac[ing] the concept of indirect reliance." *Hunt*, 471 F. Supp. 2d at 414. Thus, for example, Plaintiffs here properly plead reliance (¶24) on Defendants' oral statements that have "been transformed into and become embedded in a credit rating." *Mirkin*, 5 Cal. 4th at 1112. *See also Nursing Home Pension Fund, Local 144 v. Oracle Corp.*, 380 F.3d 1226, 1235 (9th Cir. 2004) (indirect reliance on defendants' oral statements incorporated in analyst reports).

2

SURREPLY
No. 2:08-md-1919 MJP
No. C09-1756 MJP

Dietrich Siben Thorpe LLP
2173 Salk Avenue, Suite 250, Carlsbad, CA 92008
Tel.: (760) 579-7368 Fax: (760) 579-7369

in this manner, and to punish these institutional investors would be "contrary to the intentions of Congress." *Id.* Contrary to longstanding precedent, Defendants here would likewise deny Plaintiffs (and the vast majority of similarly structured mutual funds) the protections of law simply because they utilize an investment adviser/portfolio manager.[2] Plaintiffs here are an interrelated family of funds (many of which share common directors and officers with their investment adviser Flaherty & Crumrine Inc.); to deny Plaintiffs the protections of law as a result of this structure would substantially undermine the transparency of our securities markets without cause.

For the foregoing reasons, Defendants' new reliance arguments should be stricken from their reply briefs. Plaintiffs, sophisticated institutional investors, actually read and relied upon Defendants' false and misleading statements prior to purchasing the Preferred Trust Securities at issue.

DATED:  May 4, 2010                         Respectfully submitted,

                                            DIETRICH SIBEN THORPE LLP

                                            By:   */s/ David A. Thorpe*

                                            David A. Thorpe
                                            2173 Salk Avenue, Suite 250
                                            Carlsbad, CA 92008
                                            Tel.:      (760) 579-7368
                                            Fax:       (760) 579-7369
                                            Email:    david@dstlegal.com

                                            *Attorneys for Plaintiffs Flaherty & Crumrine Preferred Income Fund Incorporated, Flaherty & Crumrine Preferred Income Opportunity Fund Incorporated, Flaherty & Crumrine/Claymore Preferred Securities Income Fund Incorporated, Flaherty & Crumrine/Claymore Total Return Fund Incorporated, and Flaherty & Crumrine Investment Grade Fixed Income Fund*

---

[2] Defendants' argument is also contrary to the Supreme Court's admonition that "Congress intended securities legislation enacted for the purpose of avoiding frauds to be construed 'not technically and restrictively, but flexibly to effectuate its remedial purposes.'" *Affiliated Ute Citizens v. United States*, 406 U.S. 128, 151 (U.S. 1972) (in cases "involving primarily a failure to disclose, positive proof of reliance is not a prerequisite to recovery. All that is necessary is that the facts withheld be material in the sense that a reasonable investor might have considered them important in the making of this decision.").

3

**CERTIFICATE OF SERVICE**

I hereby certify that on May 4, 2010, I filed the foregoing with the Clerk of the Court using the CM/ECF system, and served all parties via ECF.

DATED: May 4, 2010                         DIETRICH SIBEN THORPE LLP

By: _/s/ David A. Thorpe_

David A. Thorpe
Edward P. Dietrich
Matthew P. Siben
2173 Salk Avenue, Suite 250
Carlsbad, CA 92008
Tel.:     (760) 579-7368
Fax:     (760) 579-7369
Email:   david@dstlegal.com
         edward@dstlegal.com
         matthew@dstlegal.com

*Attorneys for Plaintiffs Flaherty & Crumrine Preferred Income Fund Incorporated, Flaherty & Crumrine Preferred Income Opportunity Fund Incorporated, Flaherty & Crumrine/Claymore Preferred Securities Income Fund Incorporated, Flaherty & Crumrine/Claymore Total Return Fund Incorporated, and Flaherty & Crumrine Investment Grade Fixed Income Fund*

CERTIFICATE OF SERVICE
No. 2:08-md-1919 MJP
No. C09-1756 MJP

Dietrich Siben Thorpe LLP
2173 Salk Avenue, Suite 250, Carlsbad, CA 92008
Tel.: (760) 579-7368 Fax: (760) 579-7369